ROGERS, J.
 

 The plaintiffs are the widow and minor children of Mose J. Bass, who died in September, 1927, from injuries received while performing services under his employment by the respondent Weber-King Manufacturing Company, Inc. They brought this suit in the district court for compensation under the provisions of the Employers’ Liability Act and were awarded judgment for $20 a week for 300 weeks and $150 for funeral expenses. This judgment was annulled by the Court of Appeal, which sustained defend
 
 *654
 
 ant’s exception of no cause of action based on the contention that at the time Hose J. Bass died there was no law fixing the amount of compensation for dependents where the employee’s injury resulted in his death.
 

 In reaching its conclusion, the Court of Appeal analyzed section 8 of Act 20 of 1914 (the original Employers’ Liability Law) as amended and re-enacted by Act No. 85 of 1926, p. 114 et seq. The later and amendatory statute provides, inter alia, as follows, viz.:
 

 “2. For injury causing death, within one year after the accident there shall ■ be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. * * * ” Act No. 85 of 1926, p. 11¿.
 

 The Court of Appeal in its analysis of the legislative act found that there was nothing “hereinafter provided” as to the duration of the weekly compensation. It also found that in the original Employers’ Liability Law of 1914 and in its amendments of 1922 (No. 43) and 1924 (No. 216) a maximum period of 300 weeks was provided in cases where death occurs within one year after the accident. The court reasoned from this that there was a hiatus in Act 85 of 1926, which was recognized and corrected by the Legislature in 1928 by the adoption of Act 242, amending and re-enacting for the fourth time section 8 of Act 20 of 1914, in which the phrase “for three hundred weeks” was expressly incorporated. The court’s opinion was that the duration of the compensation is as essential in fixing its total as is the weekly rate; that if either of these essentials is omitted from the statute there is no way of determining the amount of the compensation.
 

 The Employers’ Liability Law must be construed as a whole, and all presumptions indulged must be in favor of its beneficiaries, who, by its terms, are precluded from invoking any other legal remedy for the protection of their rights. Applying this rule of construction to our present inquiry, we find that the statute in express terms provides for the payment of compensation to the widow and children of an employee who dies of injuries arising out of and in the course of his employment. The payment is required to be made weekly and is to be based on a percentage of the deceased employee’s wages. If it be conceded that the law does not in express terms fix any definite number of weeks during which the compensation should be paid, the concession necessarily involves the admission that it was the intention of the lawmaker to allow compensation during the existence of the dependency; that is to say, until it is terminated by death, marriage, cessation of the condition of dependency, or the attainment of a wage-earning age by any minor dependent. Thus, paragraph F of subsection 2 of section 8 of the statute, Act No. 85 of 1926, p. 118, provides that:
 

 “The marriage or death of a dependent shall terminate payments to such dependent, but shall not affect payments' allowed other dependents. Should the widower become capable of self-support, compensation shall cease as to him. Compensation payments to dependents shall also terminate when the condition of dependency ceases, except in the case of a widow or child.
 

 “Where any minor dependent who is not mentally or physically incapable of wage earning, shall become eighteen years of age, payment of the proportion of compensation due such minor shall cease.”
 

 It is argued on behalf of the defendant that the statutory provision whioji we have quoted is restricted in its operation to events occur
 
 *656
 
 ing within the definite period of weeks fixed in other provisions of the statute as the duration of the compensation. The argument is logical, but its immediate corollary is another argument, equally as logical, that if in a given case the other provisions are silent as to the duration of the weekly compensation, the quoted provision necessarily applies. But, for our own part, we do not believe that it was the intention of the Legislature to allow compensation in any case for the entire period of dependency. Our belief quoad the issue before us is strengthened by reference to paragraph J, subsec. 2, § 8, Act No. 85 of 1926, p. 119, reading as follows, viz..
 

 “Where payments of compensation have been made to the employee before his death, the compensation for dependents as provided for in this section shall begin on the date of the last of such payments and shall not continue for more than three hundred weeks from the date of the accident.”
 

 It is conceded, under this clause of the legislative act, that if the deceased Hose I. Bass had received a single payment of compensation prior to his death, the plaintiffs, as his widow and minor children, would be entitled to a continuance of the payments of compensation for a period of not more than 300 weeks.
 

 It would be a strained construction of the law that would permit the injured employee, himself, to receive compensation prior to his death, but would withhold compensation from his dependents who are deprived of his support by that death. Such a construction would be wholly inconsistent with the beneficial purpose of the law to protect the dependents of an employee who is fatally injured in the course of his employment by depriving them of protection at the time they need it most. We cannot sanction that construction of the statute. We prefer to hold, as being more in consonance with the legislative intention and purpose, that the provisions of the quoted paragraph when read together with the other provisions of the statute are sufficient authority for the court to fix the duration of compensation allowed a deceased employee’s dependents at' a period not to exceed 300 weeks.
 

 The argument of the defendant that the express inclusion of the limitation of 300 weeks in Act 242 of 1928 amounted to a legislative acknowledgment that a hiatus existed in Act 85 of 1926, which rendered it inoperative, is persuasive but not controlling. It may be, and undoubtedly was, merely the recognition on the part of the Legislature of a possible ambiguity in the law, which, in the interest of clarity, it was well to remove, since it was re-enacting the statute for the purpose, apparently, of correcting the provision therein referring to hernia.
 

 Our conclusion is that the exception of no cause of action, which was the only defense considered by the Court of Appeal, is not well founded. This makes it necessary for us to remand the case to the Court of Appeal for a decision by that court on the merits of plaintiffs’ demand. Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880; May v. Yellow Cab Co., 164 La. 920, 114 So. 836.
 

 For the reasons assigned, the judgment of the Court of Appeal under review herein is annulled, and the case is remanded to that court to be proceeded with in accordance with the views herein expressed. The costs of the proceedings had in this court are to be paid by the defendant. •
 

 O’NIELL, C. J., absent, takes no part.