181 So. 191

PARKS v. HALL et al. (two cases).*

HALL v. HALL et al.

CARBONS CONSOLIDATED, Inc., v. SAME.

Nos. 34731–34734.

April 4, 1938.

Rehearing Denied May 2, 1938.

*Mandate conformed to 182 So. 347.

McHenry, Lamlin & Titche and Shotwell & Brown, all of Monroe, for relators.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for respondent Phœnix Indemnity Co.

FOURNET, Justice.

Four separate suits were filed in the lower court against M. L. Gans, his chauffeur, Harvey Hall, and his insurer, Phœnix Indemnity Company, in solido, for damages incurred by each as a result of a collision which occurred on the highway in Ouachita parish between M. L. Gans' Chevrolet sedan, being driven and operated by his chauffeur, Harvey Hall, and two other motor vehicles, a Ford sedan belonging to Isom Parks, being operated by Edward Parks, and a Ford coupé owned by Carbons Consolidated, Inc., driven by Howard Montgomery. The plaintiffs, Edward Parks and Arzellous Hall, each sued for personal injuries, and the other two, Isom Parks and Carbons Consolidated, Inc., sued for damages to their respective cars.

The Phœnix Indemnity Company was made a party defendant pursuant to the provisions of Act No. 55 of 1930, on a policy of insurance issued by it to M. L. Gans, insuring him against liability arising from the operation of his said car. The policy also contained what is usually termed an "omnibus clause."

Each suit contained the allegations that the sole and proximate cause of the accident was due to the negligence and carelessness of Harvey Hall, who was then operating his employer's car within the scope of his employment and duties as a chauffeur; and in the alternative, that the car was being legally operated by Hall with the permission of the owner within the meaning and contemplation of the omnibus coverage clause in the policy.

The defendant Harvey Hall made no defense and a judgment by default was regularly entered against him. M. L. Gans and the Phœnix Indemnity Company made joint defenses in each case, denying that at the time of the accident the chauffeur was acting within the scope of his employment and averred affirmatively that the use of the automobile by him at the time was unauthorized and in violation of the instructions of M. L. Gans. The cases were consolidated for the purpose of trial in the lower court, and there was judgment against the three defendants, in solido, in favor of each plaintiff upon their respective primary or main demands. But on appeal to the Court of Appeal, Second Circuit, by M. L. Gans and Phœnix Indemnity Company (Harvey Hall not having taken an appeal), the judgment of the lower

court was annulled and plaintiffs' suits dismissed. Parks v. Hall, 179 So. 868; Parks v. Hall, 179 So. 877; Hall v. Hall, 179 So. 877; Carbons Consolidated v. Hall, 179 So. 878. On rehearing the court reinstated its original decree. The cases are now before us for review on writs granted by this court upon applications of plaintiffs.

The facts pertinent to the issue involved are that Harvey Hall had been in the regular employ of M. L. Gans as chauffeur for a period of about six years prior to the accident. His duties were to drive the car while his employer, who was a salesman, called on his customers, and on their return to Monroe on weekends, he also washed and greased the car, which was usually done at Massey's Service Station No. 1. But when the rack at that station was not available, he was allowed to use Massey's Station No. 2. After he finished the washing and greasing job, it was his duty to return the car either to his employer's home or wherever designated by him. While the record affirmatively shows that Hall did not have authority to use the car for his own purpose, nevertheless his employer never questioned Hall about the use of the car nor complained about the time the car was brought back after having been washed and greased. The record also shows that when the wash rack at the service station was occupied, Hall would sometimes wait until it was available and at other times he drove away from the place, drove around, and returned later—sometimes to his home, and at least on one occasion he did not return the car to the residence of his employer until late

in the afternoon. On the day of the accident, Hall drove his employer to the Virginia Hotel about 9:30 a. m., and was instructed, after washing and greasing the car, to inquire about some packages at the express office, and then to return to his employer's residence where Gans would meet him. Hall drove to the Massey Station No. 1 on De Siard street and found that the wash rack was being used. Without narrating in detail the movements of the defendant Hall from then until the time of the accident, about 3 o'clock that afternoon, suffice it to say that at the time of the accident he was returning from a trip several miles out of town where he had gone to collect some money due a friend of his. According to his testimony in the record, he intended to wash the car as soon as he brought the women, who had accompanied him and his friend on the trip, to their home which was within walking distance of the service station.

The Court of Appeal found as a fact that the sole and proximate cause of the accident and the resultant damages were due to the gross negligence and carelessness of Harvey Hall, but that at the time of the accident he had deviated from his master's employment and was on a private mission of his own, and held that the assured was not liable for the accident under the doctrine of respondeat superior. The Court of Appeal, by a divided opinion, further held that the insurer was not liable under the omnibus coverage clause because at the time of the accident the use of the automobile by Harvey Hall was unauthorized and, therefore, it was not being legally

operated with the owner's permission within the meaning and contemplation of the said clause. Plaintiffs applied for a rehearing, which was granted, on their sole complaint that the Court had erred in its latter holding and on rehearing the court, by a divided opinion, reinstated its original decree, stating that "the majority view is to the effect that 'permission [as used in the omnibus clause] means a consent to use the car at the time, place and under the circumstances of the accident.'" (Brackets ours.)

The sole issue before us is the liability of the insurer under the omnibus coverage clause in its policy of insurance issued to the defendant M. L. Gans, the pertinent part of which is contained in paragraph 8, under the heading "Additionally Assured," and reads as follows:

"* * * the term 'Assured' shall include the named Assured and any other person while riding in or legally operating such automobile and any other person or organization legally responsible for its operation, provided: (8) it is being used with the permission of the named Assured, or, if he is an individual, with the permission of an adult member of his household other than a chauffeur or domestic servant * * *."

The question at issue therefore resolves itself into the construction to be given the above quoted clause in the policy with reference to the facts of this case.

In the case of Stephenson v. List Laundry & Dry Cleaners, Inc., 186 La. 11, 171 So. 556, this court had under considera-

tion the liability of the insurer for damages caused by the car insured while being operated by one other than the assured. The facts of that case were that the assured had placed the insured trucks with one of its subsidiary companies solely for the purpose of having new motors installed in them, and while in the shops of the latter company, the foreman authorized the use of one of the trucks for the purpose of dumping trash and it was while on such a mission that plaintiff's son was injured as a result of the negligent operation of the truck by the driver. This court held that the insurer was not liable under the omnibus clause in its policy issued to the assured on the truck, because there was no permission or consent to use the car, and consequently that case is not authority under the facts of the instant case.

The authorities in other jurisdictions on this question are divided. Some hold that by such a clause is meant the consent to use the car obtained in the first instance from the assured, regardless of the use to which the operator puts the same while in his possession, while others hold that the clause means the consent for use of the insured car at the time, place, and under the circumstances of the accident. See 41 A.L.R. 507 and 72 A.L.R. 1375, and the cases therein referred to:

"An insurance policy is a contract and the rules established for the construction of written instruments apply to contracts of insurance." 14 Ruling Case Law, § 102, p. 925; Wallace v. Insurance Co., 4 La. 289; Brown v. Life & Cas-

ualty Ins. Co., La.App., 146 So. 332; Civ. Code, arts. 1901, 1945. In accordance with this rule "an automobile collision policy must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto. The language employed in the policy is to be construed so as to effectuate the insurance and not for the purpose of defeating it; therefore, if the language used is ambiguous or admits of two constructions, it will be construed in favor of insured and against insurer in such a way as to protect the interest of insured who has paid a consideration for the indemnity. * * *" 42 Corpus Juris, § 356, pp. 790, 791; Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195; Travia v. Metropolitan Life Ins. Co., 186 La. 934; 173 So. 721.

"The omnibus coverage clause gives additional assureds, other than the person named in the liability policy as assured, with certain specified limitations, the benefit of the policy. * * * *It extends protection to one 'permitted' to use the car, although the 'assured' may not be liable for the accident under the doctrine respondeat superior. The object of such clause is to cover the liability of the operator.of the car as unnamed assured, and to protect any person so injured by giving him a cause of action against the insurer for injuries deemed by law to have been caused by the operation of the car. An employee, to be an 'additional assured' within the meaning of the omnibus clause,* must be one who is using his employer's automobile at the time of the accident, with permission of his employer."* Huddy Cyc. of Automobile Law, 9th Ed., vol. 13–14, p. 405. (Italics ours.)

If Hall, at the time of the accident, had been operating the car while attending to his regular duties, washing the car, or as instructed by his employer, then the injury would have been caused while acting within the scope of his employment and Gans would be liable under the rule of respondeat superior and the omnibus coverage clause in the policy would have no application. Under such circumstances, the insurer would be primarily liable under Act No. 55 of 1930.

■ Under the facts of this case, Hall was operating the car with the permission of the assured and the policy, by its express terms, i. e., the omnibus clause, was made to cover, as an assured, any one who was driving the car with the permission of the owner of the insured car. The provisions of the policy do not limit the liability thereunder to causes arising when the permitted driver was using the car either for the owner's business or under any restricted circumstances. The language is not restricted, but used in its broadest possible sense and under the rules of construction generally applicable in cases of this kind, we must give the language used the same broad construction. The words used in the clause would be practically meaningless and the object there made nugatory if it were necessary to determine in every case whether, at the time and under the circumstances of the

accident, the driver was proceeding within the limitations of the permission of the assured to use the car. In order to give the clause "provided: (a) it is being used with the permission of the named Assured," the construction placed by the Court of Appeal and contended for by the defendants, we would have to give it a restricted and limited meaning, contrary to the rules of construction of such contracts. We would have to resolve the doubt or uncertainty or ambiguity in favor of the writer of the insurance contract.

We therefore conclude that the *permission of the assured* to Hall *to use the car in the first instance,* irrespective of the use to which he put the car while in his possession, was *"permission of the assured" within the meaning and contemplation of the "omnibus clause"* and the insurer is therefore liable to plaintiffs thereunder.

 Writs having been granted to review the question of law presented in these cases, they are now before us as a whole as if they had been carried directly by appeal to this Court. Constitution of 1921, art. 7, § 11. But counsel for relators (plaintiffs) did not argue the question of quantum of damages and suggested that under the decisions of this court, i. e., Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880; May v. Yellow Cab Co., 164 La. 920, 114 So. 836; Bass v. Weber-King Mfg. Co., 168 La. 651, 123 So. 112; Callender v. Marks, 185 La. 948, 171 So. 86, we are authorized to remand the case to the Court of Appeal for its determination of the award of damages. This question not having been discussed by relators,

counsel for respondents were not called upon to argue the point. We therefore think it proper that the cases be remanded to the Court of Appeal for that purpose.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal, Second Circuit, be and the same is hereby annulled, and that plaintiffs Edward Parks, Isom Parks, Arzellous Hall, and Carbons Consolidated, Inc., recover from the defendant Phœnix Indemnity Company, such sum as the Court of Appeal may decide is due them, and the cases are hereby remanded to the Court of Appeal for that purpose and consistent with the views herein expressed and according to law; costs of proceedings had in this court are to be paid by Phœnix Indemnity Company.

ODOM, J., dissents.