### FARNET v. DE CUERS et al.
### No. 17397.

Court of Appeal of Louisiana. Orleans.
June 4, 1940.

Writ of Certiorari Denied July 18, 1940.

For prior opinion, see 195 So. 797.

John B. O'Connor and Spearing, McClendon & McCabe, all of New Orleans, for appellants.

Alex E. Rainold, of New Orleans, for appellee.

PER CURIAM.

Donald DeCuers and United States Fidelity & Guaranty Company have jointly filed application for rehearing and United States Fidelity & Guaranty Company has filed an additional separate application. In this separate application the insurance company complains that we found that DeCuers had been instructed that each night he should store the car assigned to him in a public garage selected by the Board of Health, whereas there is in the record no evidence to this effect.

This complaint is well founded. The evidence does not show that any such instruction had been given, or that such a garage had been selected by the Board of Health. The record does show, however, that it was the custom of DeCuers to store the car in a public garage and that when he took the car from in front of his residence, though his immediate purpose was to take Farnet home, he intended afterwards to place it in the public garage, as usual.

It seems certain that, when the car was assigned to him, it was contemplated that it would be stored at night in some garage and not left in the public street. It is proper to say, then, that in taking the car from the curb with the purpose of ultimately placing it in the garage, DeCuers did so with the permission of the named assured as the applicable policy provision has been interpreted by the Supreme Court in Parks v. Hall, 189 La. 849, 181 So. 191, and by the majority of the members of this court in Haeuser v. Aetna Casualty & Surety Company, et al., 187 So. 684.

Counsel further complains that we ignore certain testimony of DeCuers in which he stated that he had left the car on the street and in effect said that he would have left it there all night had he not decided to take Farnet to his home.

We did not ignore this evidence, but we think that it, together with the other statements of DeCuers, shows that when he took the car from the curb, he had in mind the ultimate accomplishment of a purpose contemplated when the car was assigned to him—that is, the placing of it in a garage for storage at night.

All applications for rehearing are refused.

All applications for rehearing refused.