HAWTHORNE, Justice
(dissenting).
I must concede that, if the holding of this court in Waits v. Indemnity Ins. Co. of North America, 215 La. 349, 40 So.2d 746, was correct, then the majority opinio» in the instant case is likewise correct, as-the two cases cannot be distinguished. At the time the Waits case was decided by this court, I was of the opinion that the majority had reached an erroneous conclusion. I am still of that opinion. This-court, in extending the so-called “initial permission” rule, as first announced in Parks v. Hall, 189 La. 849, 181 So. 191, to apply to the facts in the Waits case and to the facts in the instant case, in my opinion has gone entirely too far.
In the case now under consideration the Court of Appeal pointed out that under testimony which was unrebutted Thomas, the employer and the insured, had instructed Williams, the employee, who clearly understood the instructions, that, although the truck was to be kept at Williams’ house at night, it was to be used only for the purposes of driving other employees back *505 •and forth from work and delivering wood, and not for Williams’ personal use. The ■court then distinguished this case — correctly, in my opinion — from Parks v. Hall, supra, and Haeuser v. Aetna Casualty & Surety Co., La.App., 187 So. 684, as follows (37 So.2d 40, 43) : “There is a fundamental difference between the facts of the two ■cases, in each of which the insurer was held liable under the omnibus clause, and the facts of the present case, and it is this: In both of the cited cases, at the time of the occurrence of the accident, the employee had actually taken the automobile for some purposes contemplated by the employer or owner and had only stepped aside ■or deviated from the accomplishment of such purpose, whereas in the present case the truck had been stored in its usual storage place, after working hours, and some six or seven hours thereafter was taken therefrom, zvithout the knowledge or consent and against the specific instructions of the employer, by the employee for the employee’s personal mission. This difference in facts is pivotal.” (All italics mine.)
In the majority opinion of this court it is stated:
“ * * * There is one recent comprehensive compilation of the Omnibus Clause cases dealing with an employee of the assured in 5 A.L.R.2d [600] under the heading ‘Automobile Liability Insurance: Permission or Consent of the Employee’s Use of Car Within Meaning of the Omnibus Coverage Clause.’
“Reference to this study indicates that there are generally three different lines of authority dealing with the question of ‘Permission’ to an employee in an Omnibus Clause. One group of jurisdictions, including Louisiana, holds' that initial permission by the employer is all that is required, and another, and smaller group of states, follows the so-called strict or conversion rule to the effect that the exact use of the vehicle at the time and place of the accident must have been with the permission of the employer. The third group of jurisdictions follows a less definite rule between the extremes of the other two rules and holds that it is necessary to consider the extent and effect of the particular deviation involved, minor deviation being considered with permission, major deviation being considered without permission, and therefore without Omnibus Coverage.
The three rules set forth in the majority, opinion are found at pp. 624 and 625 of the cited annotation, in paragraphs designated as A., B., and C., Section 11, styled “Summary of rules and of their application”. It is interesting to observe that in this same section two other rules are given immediately following the ones set out in the majority opinion, these being found in paragraphs designated as D. and E., p. 626, which were not mentioned in the majority opinion. These two rules are as follows:
“D. When it comes to deviations in violation of an express prohibition of the em *507 ployer, practically all the courts are in agreement that the use of the automobile by the employee for personal purposes or by a third person with the employee’s consent is not a permissible use within the meaning of the omnibus clause. * * *
“E. Deviation from, permitted use must be distinguished from use after termination of the permission. The latter use has been held in all the cases dealing with the situation to be without the employer’s permission.” See also Section 19, pp. 650, 651.
The same annotation, after discussing the cases dealing with the situation where an employee obtains initial permission from his employer for the use of the insured’s automobile and while using it under the permission given deviates in some way from the permitted use, continues in Section 23, pp. 660, 661:
“ * * * Closely connected with, though clearly distinguishable from, this situation is the case where the employee obtains permission from the employer for a specific use of the automobile and returns it after such use but thereafter regains possession of it and uses it without having obtained a new or further permission from his employer. The question there is whether the initial permission extends to such use or whether the permission ends with the return of the automobile.
“The answer to this question is that where an employee is given custody of the automobile to accomplish a certain purpose, and he puts the car away after completion of such purpose, a subsequent retaking and additional use of the automobile-by such employee is generally deemed a new use for which a 'new consent must be given,, and in the absence of a new permission, the-employee is not covered as an additional' insured under the omnibus clause of the-indemnity policy. In other words, the mere-fact that the employee had rightful custody of the automobile for specific purposes does-not give him the right to use the car for purposes not contemplated by the employer after the original bailment has been ended.”'
There is not any doubt that in the instant case the truck was being used by the-employee for personal purposes, in violation of an express prohibition of the employer. Although he was given custody of the truck for designated purposes, after these purposes were accomplished he stored' or placed it at his residence pursuant to specific instructions, and thereafter, against the orders of his employer, he regained or again took possession of the truck and used' it as above set forth.
Under these circumstances, I am unable to understand how such use of the truck-by the employee can be deemed to be with the permission of the employer, within the meaning of the omnibus clause of the-policy.
The development of the initial permission: rule in this state is unique and to my mind entirely unjustified. This rule was first *509 announced in the case of Parks v. Hall, supra. In Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9, in which I also dissented, the rule was extended to cover an employee who took possession of the vehicle for his personal use after the end of the day’s work. That case was followed hy the Waits case, supra, and the instant case, both of which further extended the rule, not only to cover an employee who took possession of a vehicle for his personal use after it had been stored or placed in a designated parking place, but also to cover an employee who regains possession of the vehicle for his personal use in express violation of the employer’s instructions. So far as I can ascertain, no other state in the Union has extended the initial permission rule so far.
I respectfully dissent.