FOURNET, Chief Justice
(concurring).
In view of the observation in the minority opinion that the development of the (“so-called”) “initial permission rule” in this state (as announced in the case of Parks v. Hall, 189 La. 849, 181 So. 191, 193) “is unique and * * * entirely unjustified,” I, as the author of the opinion in that case deem it necessary to point out in concurring in the views ably and well expressed in the majority opinion that the holding of the court in the case of Parks v. Hall was not based on any of the so-called rules that have developed in the jurisprudence of other jurisdictions and that is peculiar to their particular section, hut, instead, that it was based on sound logic and reasoning and in accordance with the rules of construction as set out unde.r the civil law of this state (which is in accordance with the universally accepted rule on the subject matter), that is, that an insurance policy for automobile collisions, being a written contract, must be construed according to the evident intention of the parties to be derived from all the matters usually incident thereto; that the language in the policy is to he construed so as to effectuate the insurance and not for the purpose of defeating it; and that where the language used in the policy is ambiguous, admitting of two constructions, it must be construed in favor of the insured and against the insurer so that the interest of the insured, who has paid a consideration for the indemnity, may be protected.
Applying these accepted rules to the policy provisions and the facts of that case, it was shown in the opinion that “If Hall, at the time of the accident, had been operating the car while attending to his. regular duties, washing the car, or as instructed by his employer, then the injury would have been caused while acting within the scope of his employment and Gans would be liable under the rule of respondeat superior and the omnibus coverage clause-in the policy would have no application. Under such circumstances, the insurer would be primarily liable under Act No_ 55 of 1930.
*511 “Under the facts of this case, Hall was operating the car with the permission of the assured and the policy, by its express terms, i. e., the omnibus clause, was made to cover, as an assured, any one who was driving the car with the permission of the owner of the insured car. The provisions of the policy do not limit the liability thereunder to causes arising when the permitted driver was using the car either for the owner’s business or under ’ any restricted circumstances. The language' is not restricted, but used in its broadest possible sense and under the rules of construction generally applicable in cases of this kind, we must give the language used the same broad construction. The words used in the clause would be practically meaningless and the object there made nugatory if it were necessary to determine in every case whether, at the time and under the circumstances of the accident, the driver was proceeding within the limitations of the permission of the assured to use the car. In order to give the clause ‘provided: (a) it is being used with the permission of the named Assured,’ the construction placed by the Court of Appeal and contended for by the defendants, we would have to give it a restricted and limited meaning, contrary to the rules of construction of such contracts. We would have to resolve the doubt or uncertainty or ambiguity in favor of the writer of the insurance contract.”
This construction clearly gives effect to the evident intent of the parties, for the omnibus clause was included in their contract for the very purpose of covering the liability of the operator of the car as the unnamed assured, and so that any injured person would be given a cause of action against the insurer for injuries deemed by law to have been caused by the operation of the car.
In all policies issued since this decision, the insurance companies have taken into consideration this risk and charged their policyholders a premium in accordance therewith. Consequently, in all policies issued since that time the insured has not only paid for this risk but such a risk was clearly within the contemplation of the parties.