GLADNEY, Judge.
This action by Jack K. Taylor seeks recovery for personal injuries sustained in an automobile accident on September 7, 1964 when plaintiffs car, while stopped for a red light at the intersection of Line Avenue and Kings Highway in Shreveport was struck from the rear by an autombile driven by John H. Brooks. Named as defendants were John H. Brooks, Liberty Mutual Insurance Company, the liability insurer of the Corvair automobile Brooks was driving, and Lumbermens Mutual Casualty Company, Taylor’s own insurance carrier, the latter being sued under the uninsured motorist provisions of his policy. Just prior to trial plaintiff nonsuited as to John H. Brooks. Upon trial of the case it was conceded that the accident was caused by the negligence of Brooks. The trial court held that John H. Brooks did not have the permission of the named insured to drive the automobile involved and rejected plaintiff’s demands against Liberty Mutual. Judgment was rendered in favor of plaintiff and against Lumbermens Mutual Casualty Company in the amount of $5,000 under the uninsured motorist provisions of the policy issued to Taylor. Appeals have been taken by the plaintiff from the rejection of his demands against Liberty Mutual and by Lumbermens, aggrieved by the judgment rendered against it under the uninsured motorist clause of its policy.
The question at issue herein, is did Willie Moore have the implied permission of the owner or named insured to allow the Cor- *788 vair automobile to be driven by John Brooks on a mission for Willie Moore? The Liberty Mutual policy includes as an insured any person while using the automobile if such actual use is by permission of the named insured.
The landmark case of Parks v. Hall, 189 La. 849, 181 So. 191 (1938) is controlling as to one of the legal principles presented by the foregoing “omnibus clause.” It held that when the named insured has once granted permission to someone to use the insured vehicle, his permittee becomes an insured under the omnibus clause, even though he later ignores the named insured’s instructions as to the purpose for which the insured vehicle is to be used. The only question presented in the case was whether the driver of the car, once he had been granted permission of the named insured to use it, lost that permission by deviating from his instructions which he had received from the named insured as to the purpose for which the vehicle could be used. This rule has been consistently applied in a line of later cases. Another area of jurisprudence of this state has established the rule that where the original permit-tee has been granted more or less general discretion and continuous control over the insured vehicle by the named insured, such general permission carries with it the implied consent of the named insured for the original permittee to allow third persons to use the insured vehicle. The above stated rulings, however, apply only to cases in which the facts disclose that the original permittee, although granted the more or less general use of and continuous control over an insured vehicle by the named insured, has not received specific instructions that he is not to permit anyone else to drive it. In the latter type of case it has been held that the general permission granted to the original permittee does not carry with it the implied consent of the named insured that others may be permitted to drive the insured car. Such was the ruling in Clemons v. Metropolitan Casualty Insurance Company, La.App., 18 So.2d 228 (2nd Cir. 1944; Cert. denied) and Coco v. State Farm Mutual Automobile Insurance Company, La. App., 136 So.2d 288 (3rd Cir. 1962; Cert. denied). In the Clemons case we stated:
“Lacaze had permission of the insured to drive the truck, but instead of having the authority to confer permission to Berryman, was forbidden in writing to do so by the insured. * * *

ÍC * * * It is indeed difficult for us to understand how it could be implied that Arthur Lacaze had general discretion of the use of this truck in face of the undisputed fact that his use of the truck was regulated by very specific written instructions given to him by the owner. * * *” [18 So.2d 228, 232]
In Coco it was held that the driver was not an insured within the omnibus clause where the owner had permitted his sons to generally use the automobile, but had instructed them never to allow anyone else to use it and the owner did not know of violations of instructions, regardless of the mission for which the automobile was used. In the opinion with Judge Hood as the organ of the Court the jurisprudence is reviewed and the legal principles applicable to the omnibus clause are carefully analyzed. In discussing the case presented to it the Court made a comment which we consider apropos to the circumstances which have evolved in the instant case:
“We can readily conceive of circumstances where the permission of the named insured for a second permittee to use the automobile may be implied, even though the named insured has specifically prohibited the initial permittee from letting someone else drive. Such permission may be implied, for instance, if the named insured has knowledge of the fact that the original permittee has permitted others to use the automobile in spite of that prohibition, and after acquiring that knowledge he makes no protest and takes no action to prevent him from continuing to do so. In such cases, however, the ac *789 tions of the named insured must be of ■such a nature that his permission may be .implied in spite of the fact that he specifically prohibited the use of the vehicle by .a third person. In the instant case, however, the evidence shows that Dr. Wil■son’s actions were consistent with his instructions that no one other than his two sons were permitted to drive the Nash .automobile, and we find nothing in the record which could justify a conclusion ■that he impliedly authorized his son to permit Lamonte, or anyone else, to drive the car. For that reason there is no basis in fact or in law for holding that La-monte was using the car with the implied consent of Dr. Wilson.” [136 So.2d 288, 295]
The pertinent facts and circumstances of ■.the case under consideration, with respect to ■which there is little controversy, may be "briefly stated. The automobile being operated by John H. Brooks at the time of the .accident was owned by The Werner Company, Inc., Murray Werner being its chief -executive. Brooks was using the automobile upon permission of Willie Moore, a •negro man who had been employed by Wer-ner as a yardman for a number of years. A few years prior to the date of the accident, September 7, 1964, Werner had furnished Willie Moore with a Corvair automobile to be used in going to and from work and to furnish transportation for the Werner maid to and from work. Proof of the authority granted by Werner to his employee, Willie Moore, with respect to the use of the automobile, rests solely upon the testimony of Werner and Willie Moore, each of whom testified Moore had explicit instructions not to use the car except in connection with his ■employment and to allow no one else to drive the car. On the day of the accident Moore requested Brooks to take Moore’s mother-in-law to the Veterans Administration Hospital and it was while Brooks was on this mission for Willie Moore that the accident occurred. The trial court made the following observations which we think pertinent and correctly present the facts as developed upon the trial:
“We think the record shows without any doubt that Mr. Werner had instructed Willie, his employee, not to allow any other person to drive the automobile that had been entrusted in Willie Moore’s care. The record leaves no room for doubt that those instructions were given when the first automobile was given to Willie to use in getting to and from Mr. Werner’s home in the early 1950’s.
“The argument is made that since the record did not show that the instructions prohibiting the driving of this automobile by any other person were also given to Willie at the time the Corvair was entrusted to his care, that the instructions might have expired. We think that this is an unwarranted conclusion and not a reasonable one. The instructions given by a master to his employee stands until changed either explicitly or by circumstances. And the mere fact that one automobile is substituted for another automobile is not a sufficient circumstance to justify the conclusion on the part of any person that the instructions given concerning the use of the prior automobile are also changed. At any rate, Mr. Werner testified that on occasions he did make a check into the use of the automobile by Willie. He testified that on occasions the speedometer indicated that Willie had used the automobile for purposes other than those included in the instructions from his employer. Mr. Werner testified that on those occasions Willie had been called on the carpet and had been instructed again in the use he was expected to make of the automobile, and was again instructed to let no other person drive the automobile. There is no other evidence in the record to contradict this. The only two people who know about these instructions are Mr. Wer-ner and Willie. Their testimony is within limits the same on the instructions given to Moore by Mr. Werner. Consequently, we are constrained to conclude that there was no implied permission by the owner of the automobile for Brooks, John Brooks, to drive the automobile, and that, therefore, there was not any coverage in this case by Liberty Mutual; that John Brooks was an *790 uninsured motorist, and that the uninsured motorist policy issued by Lumbermen’s was in effect.”
A careful examination of the record discloses the correctness of the findings of the trial judge. From the testimony of Werner and Moore we find that Moore was well aware of his instructions which continued over the years and remained as his instructions for the use of the automobiles entrusted to his care. Moore testified that his only violation of the rule against permitting others to drive the car was on the occasion when the accident occurred. There is no contradictory evidence. Werner’s actions were consistent with his instructions and we find that the evidence is convincing that no permission implied or expressed was given to Moore of such a nature as to make Brooks an omnibus insured under the policy.
The judgment is affirmed. Costs of this appeal to be equally divided between Taylor and Lumbermens Mutual Casualty Company.