JiJONES, Judge.
Plaintiff, Sherron A. Boyd, Karen M. Boyd, Darlene Boyd, and Sherron Boyd on behalf of his minor children Kristin and Paige, appeal the trial court’s judgment dismissing defendant Rug and Carpet Center, Inc. and its insurer, Audubon Indemnity Company from this personal injury cause of action.
Joseph Terrell, a warehouseman/driver for Rug and Carpet Center allegedly caused injury to plaintiffs when the van that he was operating, owned by his employer, collided with a vehicle owned by plaintiffs, Sherron and Karen Boyd, and operated by Sherron in which Karen, Darlene, Kristin and Paige Boyd were guest passengers. The accident occurred on Christmas Day, 1993 at about 1:30 p.m. It is undisputed that Terrell was not in the course or scope of his employment at the time of the accident. In fact, Terrell confessed to his employer that he had kept the van in violation of company policy in order to use it to go to church on Christmas Day.
Plaintiffs sued Terrell, his employer and its insurer for damages. Rug and Carpet Center and its insurer filed a motion for summary judgment on the grounds |2that Terrell was not in the course and scope of his employment and, more specifically, he was not a permissive user of the vehicle at the time he was involved in the accident and thus was not covered by Rug and Carpet Center’s liability insurance. The court ruled in favor of defendants and plaintiffs appeal.
By plaintiffs’ first assignment of error, plaintiffs argue that the trial court erred in failing to find that there are genuine issues of material fact as to whether Joseph Terrell was acting with implied permission when he used the company van and caused the accident which is the subject of this lawsuit. Defendants submit that the depositions of Joseph Terrell and his supervisors establish conclusively that Terrell was on a personal mission and acting without the permission, express or implied, of his employer at the time of the accident. Furthermore, defendants rely on Norton v. Lewis, 623 So.2d 874 (La.1993) to argue that the initial permission rule as first articulated in Parks v. Hall, 189 La. 849,181 So. 191 (La.1938) and its progeny is controlling law as to the facts of the instant case.
In the recent case of Manzella v. Doe, 94-2854 (La. 12/8/95), 664 So.2d 398, the Supreme Court reaffirmed the law concerning implied consent. In doing so, the court cited Parks addressing what constitutes permission in an omnibus clause and adopted the “initial permission” rule. Under this rule, once consent, express or implied, is granted by the insured to use the vehicle, any subsequent changes in the character or scope of the use does not require additional specific consent of the insured. Norton v. Lewis, 623 So.2d 874, 875 (La.1993). Thereafter, “coverage will be precluded only where the deviation from the consented use amounts to theft or other conduct displaying an utter disregard for the return or safekeeping of the vehicle.” Id. There are at least three justifications for this rule: (1) “it effectively furthers the state’s policy of compensating and protecting innocent accident victim[s] from financial disaster!/]” (2) the rule “serves to discourage collusion between lender and lendee to escape liability!/]” Rand (3) the rule “greatly reduce[s] a most costly type of litigation.” Id. We agree that Parks and its progeny are controlling in this matter, however we reach a different conclusion than defendants.
To properly determine whether Terrell was acting with implied permission when he used the van, several factors should be considered. The Rug and Carpet center admitted having no written policies governing the use of the company vehicle. According to the Rug and Carpet Centers’ executives, *1303 there was only a verbal understanding between themselves and Terrell. This understanding was last acknowledged 10 years pri- or to the accident.
Additionally, the Rug and Carpet Center never instituted formal procedures for checking out or checking in its vehicle. Terrell merely presented himself at the warehouse where the vehicle was kept and was either given the keys by a warehouse employee or got the keys himself. (The vehicle along with other equipment and goods was kept at a warehouse which was neither owned nor controlled by the Rug and Carpet Center.)
Considering these factors, it appears that the relationship between Terrell and Rug and Carpet Center was so loose that Terrell exercised considerable authority over the use of the vehicle. Evidence of this authority, when heard by a trier of fact, may lead to a conclusion that there was implied authority. We believe that there are genuine issues of material fact which should be determined by a trier of fact. Accordingly, the ruling of the trial court is reversed.

REVERSED.