JjGREMILLION, Judge.
The defendants, Four Star Painting, Inc., TMG Industrial Services, Inc. (sometimes collectively referred to as TMG), and their insurer, American Central Insurance Company, appeal the trial court’s denial of their motion for summary judgment. They further appeal the trial court’s grant of summary judgment in favor of the cross-claim plaintiff, Progressive Security Insurance Company, finding that a liability policy issued to TMG by American Central provided coverage on a company vehicle involved in an accident. We affirm.
FACTS
This matter involves a motor vehicle accident that occurred on May 24,1997. The plaintiff, Jason Valdetero, was a guest passenger in a vehicle owned by Bernard Watson, III. The Watson vehicle was traveling east on Interstate 10 in Jefferson Davis Parish, when a west-bound vehicle crossed the median and struck it head on. The vehicle, driven by defendant, Michael DeRiso, was owned by TMG and was covered by a liability policy issued by American Central. DeRiso was employed as a craftsman by TMG through a work-release program with the Calcasieu Parish Sheriffs Office. The TMG vehicle involved in the accident was taken by him from TMG’s site at the Conoco Refinery in Lake Charles, Louisiana.
As a result of injuries suffered in the accident, Valdetero filed suit against TMG, Four Star, American Central,[1] DeRiso, Progressive, Watson’s uninsured motorist (UM) carrier, and Louisiana Farm Bureau Insurance Company, his own UM carrier. After tendering the limits of Watson’s UM policy to Valdetero, | ^Progressive filed counter-claims and cross-claims against American Central, Four Star, TMG, DeRi-so, Farm Bureau, and Valdetero alleging that it had tendered Watson’s UM policy limits to Valdetero because it thought DeRiso was uninsured and/or his liability carriers denied coverage. Progressive alleged that it was subrogated to Valdetero’s rights in the amount of the UM tender and *1212 that the cross-claim defendants were liable in solido for any and all amounts it paid under the UM policy, and the amount it tendered to Valdetero should be returned since it was the payment of a thing not due.
Progressive filed a motion for summary judgment alleging that TMG’s policy through American Central provided liability coverage for the damages caused by DeRiso. Thereafter, American Central and TMG filed a motion for summary judgment alleging that they were entitled to judgment in their favor since American Central did not insure DeRiso and he was not within the course and scope of his employment with TMG at the time of the accident.
Following a hearing on the motion, the trial court rendered summary judgment in favor of Progressive, but denied judgment in favor of TMG and American Central. Since DeRiso had initial permission to drive TMG’s truck, the trial court held that he was an insured under TMG’s liability policy. This appeal by TMG and American Central followed.
ISSUES
In their appeal, TMG and American Central argue that the trial court erred in granting Progressive’s motion for summary judgment, while denying their motion for summary judgment.
USUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 789 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits reveal no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).
IMPLIED PERMISSION
The law with regard to implied permission was fully reviewed by the Louisiana Supreme Court in Manzella v. Doe, 94-2854, p. 6 (La.12/8/95); 664 So.2d 398, 401-02 (alteration in original):
Under an automobile liability insurance policy provision referred to as an “omnibus clause,” insurance coverage is expanded to include persons who are using the insured’s vehicle with the insured’s express or implied permission. In Louisiana, such insurance coverage is statutorily mandated for policy holders and those who post security as proof of financial responsibility. See Aisole v. Dean, 574 So.2d 1248, 1251 (La.1991). Specifically, La.R.S. 32:900 requires all motor vehicle liability policies to include an omnibus clause which insures the person named therein and “any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured....” La.R.S. 32:861 (B) requires a person who posts a motor vehicle liability bond to satisfy “[a]ll judgments rendered against him or any person responsible for the operation of the obligor’s motor vehicle with his express or implied consent.... ”
|4In the seminal case of Parks v. Hall, 189 La. 849, 181 So. 191 (1938), this court addressed what constitutes per *1213 mission in an omnibus clause and adopted the “initial permission” rule. Under this rule, once consent, express or implied, is granted by the insured to use the vehicle, any subsequent changes in the character or scope of the use do not require additional specific consent of the insured. Norton v. Lewis, 623 So.2d 874, 876 (La.1993). Thereafter, “coverage will be precluded only where the deviation from the use consented to amounts to theft or other conduct displaying an utter disregard for the return or safekeeping of the vehicle.” Id. There are at least three justifications for this rule: (1) “it effectively furthers the state’s policy of compensating and protecting innocent accident victim[s] from financial disaster[,]” (2) the rule “serves to discourage collusion between lender and lendee in order to escape liability[,]” and (3) the rule “greatly reduce[s] a most costly type of litigation.” Id.
The plaintiff has the burden of proving the fact of initial use with express or implied permission of the insured to make coverage effective under the omnibus clause. Francois v. Ybarzabal, 483 So.2d 602, 605 (La.1986); Perkins v. McDow, 615 So.2d 312 (La.1993). Moreover, the fact of initial permission must be proved by a preponderance of the evidence without the aid of any presumptions. Norton, 623 So.2d at 876. Generally, implied permission “arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle.” Francois, 483 So.2d at 605.
See also, Lavergne v. Thomas, 99-1186 (La.App. 3 Cir. 12/8/99); 758 So.2d 197, writ denied, 00-0070 (La.3/17/00); 756 So.2d 1142.
After reviewing the record, we find that Progressive proved that DeRiso had implied permission from TMG to drive the company vehicle prior to the May 24, 1997 accident. Both Chris Meyer, a co-owner of TMG, and John Melancon, DeRiso’s foreman, testified in depositions and stated via affidavits that DeRiso had prior authorization to drive the vehicle in question. They both stated that it was TMG’s policy that personnel could only use company vehicles upon gaining specific permission from a superior and that the authorized use was limited to site specific tasks. Meyer and Melancon testified that personnel were never given permission to | «¡drive company vehicles home or use them for personal reasons. Both stated that the vehicle in question was kept on TMG’s site at the Conoco Refinery, with the key in it. Conoco’s policy required the key be left in the vehicle in case an emergency arose and the vehicle needed to be moved.
Meyer testified that he learned the vehicle was missing at basically the same time he learned that it had been involved in an accident. After learning from Melancon that the truck was missing and DeRiso was not at work, he called DeRiso’s counselor, Charles Rushing, to inquire about his whereabouts. At that point, he learned that DeRiso had been involved in the accident while in the company vehicle. He stated that he intended to press charges against DeRiso for taking the vehicle, but there was no evidence in the record that such charges had been filed. When asked his perception of DeRiso’s actions in taking the vehicle, Meyer testified that he thought DeRiso was joyriding. Meyer stated that he had no information concerning DeRiso’s intentions towards the vehicle. He further stated that DeRiso was fired because of his involvement in the accident.
Melancon testified that he had no idea why DeRiso took the company vehicle or what he intended to do with it. After the accident, he stated that he learned from an *1214 employee that DeRiso was drinking and that he was using the vehicle to visit friends.
In answers to interrogatories, TMG and American Central stated that DeRiso had driven the vehicle in question prior to the accident, but only after receiving daily authorization from his supervisor. They stated that he was not given permission to drive the vehicle on the day of the accident and, in fact, that he stole the |f,vehicle on May 24, 1997. They further answered that Meyer knew that the vehicle was stolen prior to learning of the accident, but that he only reported it stolen after DeRi-so’s counselor informed him of the accident on May 25,1997.
Progressive has proven that DeRiso was granted authorization by Melancon to drive TMG’s company vehicle. Pursuant to the “initial permission” rule, no specific or additional consent was required by TMG with regard to any subsequent change in the character or scope of DeRi-so’s use of the vehicle. Manzella, 664 So.2d 898. Coverage would only be precluded if TMG and American Central could prove that DeRiso’s deviation from the authorized use amounted to either theft or other conduct representing an utter disregard for the return or safekeeping of the vehicle. Id. We agree with the trial court that there is no evidence in the record proving either of these two exceptions. Accordingly, the judgment of the trial court granting Progressive’s motion for summary judgment is affirmed. The judgment denying TMG and American Central’s motion for summary judgment is also affirmed. ■
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this matter are assessed to the defendants, Four Star Painting, Inc., TMG Industrial Services, Inc., and American Central Insurance Company.
AFFIRMED.

. American Central was erroneously listed as Commercial Union Insurance Company in the petition.