# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-109

**BRENTON BOBB AND VALARIE PICKETTE**

**VERSUS**

**CHESTER SLYVESTER AND**

**STATE FARM INSURANCE COMPANY**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2017-3644
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Guy E. Bradberry, Judges.

**REVERSED AND REMANDED.**

**Marcus A. Bryant**
**The Law Offices of Marcus A. Bryant, L.L.C.**
**1405 W. Pinhook Road, Suite 110**
**Lafayette, LA 70503**
**(337) 504-4106**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Brenton Bobb**
    **Valarie Pickett**

**David O. Way**
**Kenny L. Oliver**
**Marjorie B. Breaux**
**Oliver & Way, L.L.C.**
**100 Rue Bastille**
**Lafayette, LA 70598**
**(337) 988-3500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Automobile Insurance Company**
    **Chester Sylvester**

**GREMILLION, Judge.**

Appellants, Brenton Bobb and Valarie Pickett[1], appeal the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company and its insured, Chester Sylvester, Jr. For the reasons that follow, we reverse.

## FACTS[2] AND PROCEDURAL POSTURE

Ms. Pickett was driving her Toyota Camry in Lafayette, Louisiana in the early morning hours of June 22, 2016. At approximately 12:34 a.m., she was waiting at the intersection of Cameron Street and Eraste Landry to turn right. Her Camry was struck from behind by a Ford F-350 truck owned by Mr. Sylvester. Ms. Pickett got out of her car. She began to call the police when she saw the driver of the pickup flee on foot. The only description of the driver she could offer was that the "person" wore a white shirt.

Due to illness, Mr. Sylvester could not drive at the time of the accident. The pickup was available for Mr. Sylvester's employees to use in activities related to his crawfish farming and processing. Employees were not allowed to take the truck home or on personal errands.

On the day of the accident, the last employee to use the truck was Abraham Chambers; however, neither Mr. Sylvester nor his son, Chester Sylvester, III, know whether Mr. Chambers was driving the truck on the night in question. Mr. Sylvester testified in his deposition that he believes Mr. Chambers "stole" the vehicle, even though he "was a good worker." Mr. Sylvester never gave Mr. Chambers permission to take the pickup to run a personal errand, but he had permission to drive the truck for work purposes.

---

[1] Ms. Pickett's name is misspelled in the case caption.
[2] The facts recited herein are taken from the evidence presented in support of and opposition to State Farm's motion for summary judgment.

Ms. Pickett and her guest passenger, Mr. Bobb, filed suit against Mr. Sylvester and State Farm. Their first petition alleged that Mr. Sylvester was driving the pickup and that his negligence caused the accident. State Farm and Mr. Sylvester answered the suit denying the allegations of the original petition. They then moved for summary judgment on the grounds that Mr. Sylvester was physically incapacitated from operating a motor vehicle and had not given anyone permission to drive the pickup.

Plaintiffs then filed a supplemental and amending petition that asserted that Mr. Chambers was the driver of the pickup in his employment by Mr. Sylvester.

Thereafter, the motion for summary judgment filed by State Farm and Mr. Sylvester was heard. The trial court granted partial judgment as to Mr. Sylvester's liability as the alleged driver of the truck. Mr. Sylvester was not dismissed from the suit, though, because of the plaintiff's supplemental and amending petition that asserted master/servant liability against him.

State Farm and Mr. Sylvester then filed a second motion for summary judgment in which they argued that plaintiffs would be unable to prove that Mr. Chambers was driving the truck, that the truck had been driven with Mr. Sylvester's permission, that the driver was employed by Mr. Sylvester, or that the driver was acting in the course and scope of employment by Mr. Sylvester.

Ms. Pickett and Mr. Bobb then filed a motion for summary judgment of their own. In this, plaintiffs asserted that all the evidence pointed to Mr. Chambers as the driver of the truck. The trial court denied plaintiffs' motion because it found that a genuine issue of material fact existed as to whether insurance covered the accident.

The third and present motion for summary judgment filed by State Farm and Mr. Sylvester was then filed. The trial court found that plaintiffs could not carry their burden of proof that Mr. Chambers was driving the truck; therefore, they could

not carry the burden of proving that the driver had express or implied permission to drive the truck. This appeal followed.

Ms. Pickett and Mr. Bobb assert that the trial court erred in three respects: it failed to view the evidence in the light most favorable to them as the non-moving party; that "it failed to apply the concept of express or implied permission to the insurance contract at issue"; and there were genuine issues of material fact that preclude summary judgment.

## ANALYSIS

We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. If reasonable people could only arrive at one conclusion, no genuine issue exists. *Wroten v. Ferriday Auto Ventures, LLC*, 20-387, 20-102 (La.App. 3 Cir. 12/16/20), 310 So.3d 621, *writ denied*, 21-85 (La. 3/9/21), 312 So.3d 585. "A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Id.* at 624.

If the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion is:

to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

3

It has long been held that the insurance policy, as a contract, forms the law between the parties. *See, e.g., Muse v. Metro. Life Ins. Co.*, 193 La. 605, 192 So. 72 (1939); *Landry v. Progressive Sec. Ins. Co.*, 21-621 (La. 1/28/22), 347 So.3d 712. Unless the policy conflicts with statutory dictates or prohibitions or with public policy, the insurer is entitled to impose limitations on its liability and reasonable conditions on its obligations. *Id.* Of course, provisions that violate statutes or public policy will not be enforced. *Id.*

The insuring agreement in the policy issued by State Farm to Mr. Sylvester defines who will be insured. It provides that the "named insured or named insureds shown on the Declarations Page" are insured for "the ownership, maintenance, or use of" the named insured's vehicle or vehicles "shown under 'YOUR CAR' on the Declarations Page."(emphasis in original). Further, "any other ***person***" is insured "for his or her use of" the named insured's vehicle or vehicles; however, "Such vehicle must be used with the express or implied permission of [the named insured]." (emphasis in original). The clause providing for coverage of permittees is generally referred to as the omnibus clause.

The burden of proving that a driver operated the vehicle with permission rests with the party asserting coverage. *Norton v. Lewis*, 623 So.2d 874 (La.1993). Were the present matter to proceed to trial, Ms. Pickett and Mr. Bobb would bear that burden of proof. Thus, the identity of the driver certainly represents a material fact in this case; if the plaintiffs cannot establish the identity of the driver, they cannot establish whether he had permission to operate the truck. And because the proof of this is their burden at trial, once State Farm establishes an absence of factual support for the proposition that Mr. Chambers was driving the truck, it is entitled to summary judgment unless sufficient factual support demonstrating a genuine issue is produced.

Another longstanding axiom of insurance law is the "initial permission rule," first recognized in *Parks v. Hall*, 189 La. 849, 181 So. 191 (1938). In *Hall*, Gans' chauffeur, Hall, was involved in a collision while using Gans' vehicle to run a personal errand. Gans' insurer asserted that Hall was not covered because he had exceeded Gans' instructions, which were that he was not to use the vehicle for his own purpose. The policy in *Hall* contained the following omnibus clause:

> [T]he term 'Assured' shall include the named Assured and any other person while riding in or legally operating such automobile and any other person or organization legally responsible for its operation, provided: (8) it is being used with the permission of the named Assured, or, if he is an individual, with the permission of an adult member of his household other than a chauffeur or domestic servant[.]

*Id.* at 193.

> The supreme court held:

> The provisions of the policy do not limit the liability thereunder to causes arising when the permitted driver was using the car either for the owner's business or under any restricted circumstances. The language is not restricted, but used in its broadest possible sense and under the rules of construction generally applicable in cases of this kind, we must give the language used the same broad construction. The words used in the clause would be practically meaningless and the object there made nugatory if it were necessary to determine in every case whether, at the time and under the circumstances of the accident, the driver was proceeding within the limitations of the permission of the assured to use the car.

*Id*. at 189 La. 858-59, 181 So. 194.

> Somewhat more recently, the supreme court has held:

> Once permission, whether express or implied, to use a motor vehicle is established it is given a wide and liberal meaning in determining coverage. So long as the initial use of the vehicle is with the consent, express or implied, of the insured, any subsequent changes in the character or scope of the use do not require additional specific consent of the insured; coverage will be precluded only where the deviation from the use consented to amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the vehicle.

> The primary justification for the "initial permission" rule is that it effectively furthers the state's policy of compensating and protecting innocent accident victim [sic] from financial disaster. Moreover, its

5

> application serves to discourage collusion between lender and lendee in order to escape liability and to greatly reduce a most costly type of litigation.
>
> In our opinion, the narrower "minor deviation" and "conversion" rules followed by some jurisdictions, which make coverage turn on scope of the permission given in the first instance, render coverage uncertain, foster unnecessary litigation, and do not comport with our state's legislative policy of assuring an available fund for the innocent victims of automobile accidents.

*Norton*, 623 So.2d at 875 (citations omitted).

In *Arceneaux v. Norman*, 05-1536, 05-1537 (La.App. 3 Cir. 5/24/06), 931 So.2d 484, *writ denied*, 06-1629 (La. 10/6/06), 938 So.2d 76, an employee of Swift Transportation Company took the two passengers on what is best described as a joy ride in Swift's eighteen-wheeler. The plaintiff passengers stated that the driver was consuming alcohol when she picked them up, while she claimed that they all drank and that one of the plaintiffs was smoking marijuana. The two passengers alleged they were injured when one (Johnson) jumped from the truck either to confront someone who owed him money (according to the employee) or because he was scared by the employee's drinking and driving (according to Johnson), and the other (Arceneaux) because he fell after the employee sharply applied the brakes.

After suit was filed, Swift filed a motion for summary judgment asserting that the driver was not acting within the course and scope of her employment, that it was not guilty of negligent entrustment of the vehicle to the driver, and that the driver was not a permissive user. The trial court granted Swift's motion as to the course-and-scope and negligent-entrustment issues but denied it as to permissive use. We affirmed. Even the choice of drinking and driving did not amount to utter disregard for the return and safekeeping of the vehicle, though. Swift had given the driver permission to drive the truck.

Plaintiffs refer the court to *Carpenter on behalf of Walters v. State Farm Mut. Auto. Ins. Co.*, 17-552 (La.App. 3 Cir. 12/28/17), 235 So.3d 1187. In *Carpenter*, Mr. Walters was a guest passenger who was killed in a one-car accident. There were two other people in the vehicle, Broussard and Ledet. The vehicle was owned by Leger. No one ascertained who was driving at the time of the wreck. Nevertheless, plaintiff sued Leger, Ledet's parents, and Broussard. Subsequently, all parties except State Farm, which insured the car, were dismissed with reservations of rights against State Farm.

State farm filed a motion for summary judgment to which it attached affidavits of the Legers that asserted that they gave no one permission to drive the car. Plaintiffs asserted that there was a genuine issue of material fact regarding the identity of the driver and whether the driver had permission. The trial court disagreed and granted State Farm summary judgment. On appeal, this court found that the inability of the plaintiff to prove who was driving and that the driver had permission entitled State Farm to summary judgment. However, we note that the result would have been the same in *Carpenter* even if the plaintiff had proven who was driving the car because State Farm demonstrated that she would not have been able to prove that the driver had permission. No one had permission; therefore, the omnibus clause was not in play.

Plaintiffs maintain that a genuine issue of material fact exists regarding the identity of the driver of the truck. In fact, they argue that the driver was "later identified as Chambers." Both Sylvesters *assume* that Mr. Chambers was the driver because he was the last person to use the truck on the day of the accident. But no one involved in the case *knows*. The question here is whether the Sylvesters' implications of Mr. Chambers represents factual support sufficient to establish the existence of a genuine issue of material fact, per La.Code Civ.P. art. 966(D).

7

The scope of permission is irrelevant given the language of the State Farm policy, but the identity of the driver is an essential element of the plaintiffs' case. It is incumbent upon them to produce evidence of who was driving in order to prove that the driver had permission. Once plaintiffs could produce evidence of a driver who had permission, they would have carried their burden of production pursuant to La.Code Civ.P. art. 966(D). Contrary to State Farm's assertion, at this stage of the proceedings—in the context of a motion for summary judgment—plaintiffs do not "themselves bear the burden of proving, by a preponderance of the evidence, every element of their case, including the identity of the driver of the F-350 that struck them." That is their burden at trial. Plaintiffs do have the burden of producing factual support sufficient to demonstrate the existence of a genuine issue regarding the material fact, the identity of the driver.

The evidence demonstrates that Mr. Chambers drove the truck on the date of June 22, 2016. He had permission to drive the truck. His employer and the employer's son do not know who had the truck at the time of the accident, but both suspect that it was Mr. Chambers. After all, Mr. Chambers was the last person they knew to have driven it.

This strikes the court as a reasonable inference drawn from the evidence. The Sylvesters are competent to testify as to their knowledge that Mr. Chambers was the last employee to drive the truck. The simplest explanation is that the last person known to have driven the truck was the last person who drove it. Reasonable inferences must be viewed in the light most favorable to the non-moving parties. *Schroeder v. Bd. of Supervisors of La. St. Univ.*, 591 So.2d 342 (La.1991).

Accordingly, we find that plaintiffs produced factual support sufficient to demonstrate a genuine issue of material fact. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this

opinion.  All costs of this proceeding are taxed to Defendant/Appellee, State Farm Mutual Automobile Insurance Company.

**REVERSED AND REMANDED.**