CULPEPPER, Judge.
This is a Suit for damages for personal injuries arising out of an automobile collision. One vehicle was owned and being driven by Wallace Fuselier. The other was owned by Mr. and Mrs. Beverly O’Brien and being driven by Kenny La-vergne, a 15 year old minor. The plaintiffs are Fuselier and the passengers in both vehicles. The defendants are Mrs. Mathilda Lavergne, mother of the minor driver, and her insurer, Aetna Insurance Company, alleged insurer of Kenny under the omnibus clause. From an adverse judgment the defendants appealed.
There is no dispute that the accident was caused solely by the negligence of Kenny Lavergne. Nor is there any dispute as to quantum, the total amount of the awards being the full $10,000 of coverage under Aetna’s policy. The sole issue on appeal is whether Kenny was an omnibus insured. The automobile being driven by Kenny belonged to his sister, Mrs. Althea O’Brien, and her husband, Beverly. Hence, it was a “non-owned automobile” within the provisions of Aetna’s liability policy covering Mrs. Lavergne’s family automobile. The question is whether Kenny was driving “with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission”, as provided in the policy.[1]
At the trial the witnesses testified substantially to the following facts. Kenny lives with his widowed mother in the city of Basile about 4 or 5 blocks distant from the home occupied by his married sister, Mrs. Althea O’Brien, her husband, Beverly O’Brien, and their 8 children. On Christmas Day of 1966, during the morning hours, Kenny was in his sister’s home where the older children were dancing and listening to' phonograph records. Mrs. O’Brien asked Kenny to go back to his home and get some of his phonograph records. She did not expressly give nor refuse him permission to use her car. She says she didn’t tell him how to go, but that if he had asked, she would have given him permission because he frequently drove her car.
Both Mr. and Mrs. O’Brien, as well as Mrs. Lavergne and Kenny, testified that Kenny frequently drove the O’Brien car to his home where he washed it and that he would on these occasions drive around the block or in the neighborhood. Also, he drove the car to the grocery store *234 and on various errands in the neighborhood for Mrs. O’Brien.
Kenny had finished his driver’s training program in the high school about a week before Christmas, but he did not yet have his driver’s license.
On the Christmas morning in question, Kenny found the keys were already in the O’Brien automobile so he drove it to his home and picked up the records. Three of Mrs. O’Brien’s small children were visiting their grandmother, Mrs. Lavergne. They asked to go for a ride. The members of the family testified that these children frequently rode with Kenny when he ran short errands in the vehicle. Instead of returning to Mrs. O’Brien’s home, Kenny drove the vehicle out on to U. S. Highway 90 where he was involved in this terrible accident, about 2 miles from the corporate limits. Three different traffic violations were filed against him.
Defendants’ principal argument on appeal is that plaintiffs’ witnesses made prior contradictory statements which show that Kenny Lavergne had never driven the O’Brien vehicle prior to the accident, that he did not have permission to drive on this occasion and could not reasonably have believed he did have permission. It is true that several of plaintiffs’ witnesses did make such contradictory statements. Apparently the members of the family were fearful that civil or criminal proceedings would be instituted against the O’Briens for permitting an unlicensed minor to drive their automobile.
Mr. Beverly O’Brien gave pre-trial statements to both the state trooper who investigated the accident and to the juvenile probation officer that he had warned Kenny in the past not to drive his automobile; that he did not have permission to drive it; and if he had asked he would not have been given permission. Both Kenny and his mother, Mrs. Mathilda La-vergne, gave substantially the same statement to the juvenile probation officer. Mrs. Althea O’Brien, Kenneth’s sister, gave a signed statement to an insurance adjuster that Kenneth had never driven her car on the streets before; that he did not have permission on the occasion of the accident; and if he had asked, he would not have been given permission.
Defendants also argue the testimony of plaintiffs’ witnesses is discredited by the fact that the state trooper who investigated the accident found no phonograph records in the O’Brien vehicle after the accident. However, there was other testimony that the records were shattered and pieces were found by other witnesses.
It is apparent the trial judge concluded that, despite the prior contradictory statements mentioned above, the witnesses were telling the truth at the trial. The circumstances reasonably support such a conclusion. Certainly we can find no manifest error in these findings of fact by the trial judge.
Our jurisprudence is established that initial permission of the owner to use an automobile is sufficient to make the driver an insured under the omnibus clause. It is immaterial whether, at the time of the accident, the driver had deviated from the scope of the initial permission, McConnell v. Travelers Indemnity Company, 248 La. 509, 180 So.2d 406 (1965) and the cases cited therein. Thus, in the present case it is sufficient to show that initially Kenny Lavergne had permission, or reasonably believed he had permission, to drive the automobile to his mother’s house to obtain the records. The fact that he exceeded this permission and drove the vehicle out on to the highway is immaterial.
Under the facts stated above, it is clear that even though Mrs. O’Brien did not expressly tell Kenny to use her vehicle, to go pick up the records, he reasonably believed that he had such permission because he frequently drove the automobile on such errands.
*235 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.

. The policy provides in pertinent part that the following are insured:
“B. With respect to a non-owned automobile,
1. the named insured,
2. any relative, but only with respect to a private passenger automobile or trailer, provided his aetual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of the oivner and is within the scope of such permission, and” (emphasis added).