LOTTINGER, Judge.
This is a suit for personal injuries filed by Camille T. Rawls and Bennett R. Rawls arising out of a collision which occurred on April 27, 1970, in Hammond, Louisiana. The defendants are J & M Poultry, Inc., d/b/a Baton Rouge Broiler Farms and their insurer, The United States Fidelity and Guaranty Company, Willie Williams, the driver of the truck, and, in the alternative, the North River Insurance Company, the uninsured motorists carrier of Camille T. Rawls. The companion case is a subro-gation claim arising out of the accident. The Lower Court rendered judgment in favor of petitioner and against defendant and defendant has taken this appeal.
The only question before this Court is whether or not Willie Williams was driving the truck owned by J & M Poultry, Inc., d/b/a Baton Rouge Broiler Farms, with the permission of the owner of the truck. Although we are not favored by written reasons from the Lower Court, apparently the said Court felt that he was driving the truck with the implied, if not express, permission of J & M Poultry. *341 We feel that the testimony of both Norman Gill and Ronald Edwards, both employees in supervisory positions with the defendant company, indicate that the defendant driver, Willie Williams, was a licensed driver who had frequently driven company trucks with the permission of his employer, Baton Rouge Broiler Farms prior to this accident. Mr. Gill who was manager of the Hammond-Baton Rouge Broiler Farms, a division of J & M Poultry Company, testified that Willie Williams had driven the truck for the company previously and that he had a valid license to operate the trucks. Without a valid license, he would not have permitted Williams to drive company trucks. On the date of the accident, Mr. Gill testified that he authorized the spray truck to go to the Bankston farm to carry some of the employees out there to load trucks. He testified to the effect that it didn’t make any difference to him whether the spray truck was driven by Willie Williams or any other employee of the company as long as they did have a license to drive it, and that all licensed employees drove the company trucks at one time or another. Mr. Gill further testified that on the day following the accident he asked Mr. Ronald Edwards, a poultry service man with Baton Rouge Broiler Farms, about how Willie happened to have the truck. Mr. Edwards told him that he had told Willie to take the truck back and park it at the office and leave it there.
Ronald James Edwards testified that on the night of the accident the employees knocked off at some 10 :00 to 10 :30 o’clock p. m. He instructed Willie Williams and Tommy Gully at the Bankston farm to take the truck back to the Natalbany office and leave it there. He did not say specifically for Tommy or Willie to drive it back but he says that he did tell them to bring it back and park it at the office and that Hayes Cotton, another employee, would pick them up and take them home. Mr. Edwards didn’t care which one of them drove so long as they took the truck and parked it at the company office.
Apparently Gully drove the truck back to the office and he and Williams waited some half to three quarters of an hour to be picked up by Cotton. As Cotton did not show up, Williams got behind the wheel, drove Gully home and was in the process of cither going to his own home or returning to the poultry plant when the accident occurred. The only way for Gully to get to his home in Hammond on that night was in the truck or to walk.
It was stipulated by the parties that if it is found by the Court that the defendant company is not covered by insurance of The United States Fidelity and Guaranty Company, that the defendant, Williams, would not be covered by the policy of insurance and then he would be considered an uninsured motorist.
In Hampton v. Security Storage and Van Company, La.App., 148 So.2d 788, 792, the Court, in quoting from Parks v. Hall, 189 La. 849, 181 So. 191, said:
“The court pronounced the rule in these words:
. . . the permission of the assured to Hall to use the car in the first instance, irrespective of the use to which he put the car while in his possession, was “permission of the assured” within the meaning and contemplation of the “omnibus clause” and the insurer is therefore liable to plaintiff thereunder.’ ”
In further citing from Parks v. Hall, the Court said:
“ ‘The language employed in the policy is to be construed so as to effectuate the insurance and not for the purpose of defeating it; therefore, if the language used is ambiguous or admits of two constructions, it will be construed in favor of insured and against insurer in such a way as to protect the interest of insured who has paid a consideration for the in *342 demnity . . . (Quoted by the Court from 42 C.J., section 356, pp. 790, 791.)
In McConnell v. Travelers Indemnity Company, 248 La. 509, 180 So.2d 406 the Court said:
“Pertinent here is the well-established rule that initial permission from the named insured to use an automobile is sufficient to make the driver an insured under the omnibus clause. It is unnecessary to determine whether the driver was proceeding within the limits of the permission at the time of the accident. A deviation from the initially permitted use-purpose is immaterial. (Cases cited)
“Such initial permission may be either expressed, or implied from the circumstances.”
The omnibus clause in the policy of insurance issued J & M Poultry, Inc. d/b/a Baton Rouge Broiler Farms by The United States Fidelity and Guaranty Company in part, is as follows:
“Each of the following is an insured under this insurance to the extent set forth below:
(a). The named insured;
(b). Any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business in the named insured;
(c). Any other person while using any owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating,) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damages arising out of the loading or unloading thereof, such other persons shall be an insured only if he is: . . . ”
We feel that the evidence in the case that the driver of the vehicle, namely Willie Williams, was driving with at least the implied permission of Baton Rouge Broiler Farms, therefore, was an insured under the provisions of section (c) of the omnibus clause. Accordingly, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.