309 So.2d 750 (1975)
Johnny RITTER
v.
Leonard THORNTON et al.
No. 6681.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
*751 James C. Witcher, II, Edward P. Comeaux, New Orleans, for plaintiff-appellant.
Emile L. Turner, Jr., David M. Packard, Thomas M. Young, Malcolm B. Robinson, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and MORIAL, JJ.
REDMANN, Judge.
Is a truck driver while driving on a holiday an "insured" under a liability insurance policy omnibus clause, when the truck's lessor is the named insured, the truck's lessee is the driver's employer, and the lessee has prohibited use of the truck on holidays? Answering yes, we reverse on plaintiff's appeal the trial court's dismissal on the merits of this damage claim against the insurer. (Plaintiff no longer pursues the other defendants.)
A factual question is whether the truck's actual driver (who left the accident scene) was the employee who regularly drove the truck. The employee has not returned to work since the accident, and was not found for service of process or subpoena. But from his having had the truck the previous day, from his general description matching that of the actual driver, and from his disappearance, we find the trial court's conclusion that the employee was the driver is correct, as more probable than not.
Plaintiff never caused the policy to be introduced into evidence. However, defendant insurer had pleaded the policy (and the lease agreement) in the answer "as if copied in extenso." In the insurer-supplied policy the truck lessor, Hertz Corporation, is the named insured. Royal Framing, the apparent tortfeasor's employer, leased the truck from Hertz. The policy defines insured as "the named insured... and any person while using the automobile ... provided the actual use is by the named insured ... or with the permission of" the named insured, Hertz.
Hertz's lease agreement authorized use "by safe, careful, legally qualified drivers having a proper license, to be selected, employed, controlled and paid by Customer, said drivers being conclusively presumed to be the employees of Customer only." The lease agreement obliged Hertz to supply insurance "insuring Hertz and Customer and their respective agents and employees...." Hertz, the named insured, thus gave permission to the customer's employees to drive, and moreover obliged itself to procure insurance for those employees. In this view, it is immaterial that *752 the employer-lessee attempted to limit its permission to business day use, since the employer-lessee is not the named insured.
A majority of this panel is of the view[1] that, if the lease merely authorizes the customer to permit its employees to drive, the customer's prohibition of holiday use does not destroy on holidays, for omnibus clause purposes, the permission that the employee has from the customer; Waits v. Indemnity Ins. Co. of N. America, 1949, 215 La. 349, 40 So.2d 746. The trial court's reliance on Yates v. Kimble, La.App.1971, 256 So.2d 303, was incorrect because in Yates the first permittee had no authority to delegate permission to a second permittee, while our lessee had authority to grant permission to its employees (if, indeed, its employees were not themselves permittees of the named insured, Hertz). Revolta v. Allstate Ins. Co., La.App. 1973, 273 So.2d 645, might be distinguishable from Waits in that the permission in Revolta was only for driving through a carwash, and not for driving on the streets at all. But irrespective of Revolta's distinguishability, Waits controls.
From the rear-end collision, plaintiff suffered $100 car damage and $180 medical expense (apparently mostly for diathermy). His personal injury consisted of strains, modestly severe, of cervical and lumbosacral spine, objectively evidenced by right posterior cervical muscle spasm. He was treated with muscle relaxants, analgesics and frequent diathermy. He had an "exacerbation of the neck spasm" 16 days after the accident, requiring a refill of the analgesic prescription. He did not miss work because he could not afford to, but he continued diathermy for more than four months. Our impression is that, except at the outset and at the 16-day exacerbation, pain was not severe. We believe $1,500 would be a reasonable reparation for the injury.
The judgment is reversed in part and there is judgment for $1,780 with legal interest from judicial demand and all costs, including expert fee of $100, in favor of Johnny Ritter against Royal Indemnity Company.
NOTES
[1] SAMUEL, J., does not join in this view, deeming it unnecessary to our decision.