345 So.2d 117 (1977)
Debra GATHE et al.
v.
AETNA CASUALTY AND SURETY COMPANY.
No. 11201.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Rehearing Denied May 9, 1977.
Writ Refused June 10, 1977.
*118 Arthur Cobb, Baton Rouge, for plaintiff Debra Gathe, appellant.
Paul Marks, Jr., Baton Rouge, for defendant Aetna Casualty and Surety Co., appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is an appeal from the granting of a motion for a summary judgment. The sole issue is whether defendant Ronnie Johnson was an uninsured motorist at the time of his accident with plaintiffs.
We affirm.
Johnson was attending the Baton Rouge Urban Skill Center, a school funded by the Federal Government and administered by the State Department of Education. He worked in the shop, helping to repair automobiles the City wanted to sell. Part of Johnson's responsibility was to drive cars across the street to the body shop for other needed repairs. Students customarily roadtested vehicles after they had been repaired.
On the day of the accident, Johnson was given permission to drive an automobile across the street to the body shop. Instead he went on a mission of his own, during the course of which he collided with the automobile being driven by Mrs. Gathe. Both Mrs. Gathe and her son suffered personal injuries, and Mr. Gathe incurred medical and incidental expenses.
Johnson's negligence is not seriously questioned. Plaintiffs initially sued the insurer for the City of Baton Rouge; this action was settled prior to trial. In the present suit plaintiffs seek recovery from their own insurer on the basis that Johnson was an uninsured motorist.
The trial court found that Johnson was an omnibus insured under the policy issued to the City of Baton Rouge, and therefore granted defendant's motion for summary judgment.
Once a driver has initial express or implied permission to use a vehicle, a subsequent deviation from the initial permission is immaterial for purposes of insurance coverage. Waits v. Indemnity Insurance Company of North America, 215 La. 349, 40 So.2d 746 (1949); and Ritter v. Thornton, 309 So.2d 750 (La.App. 4th Cir. 1975).
In Perrodin v. Thibodeaux, 191 So. 148 (La.App. 1st Cir. 1939), the St. Landry Parish Police Jury was the owner of a truck *119 and also the named insured. The truck was placed in control of an employee of the Police Jury, who allowed his son to go to a fish-fry in it. The boy deviated from this permission. The court held that since the father had unrestricted use of the vehicle, he could give his son permission to drive it and thereby make him an omnibus insured. The fact that the son exceeded the scope of permission was deemed irrelevant.
In the present case, Fidelity and Casualty Company of New York issued a policy with the City of Baton Rouge as the named insured. The City gave the Skill Center the general custody and use of the vehicle. As part of his work at the Skill Center, Johnson was authorized to drive the vehicle from the repair shop to the body shop and to road test the automobiles. The fact that he exceeded the scope of his authority on the day of the accident makes no difference with regard to insurance coverage. Waits v. Indemnity Insurance Company of North America, supra.
Plaintiffs cite the case of Revolta v. Allstate Insurance Company, 273 So.2d 645 (La.App. 4th Cir. 1973) as being squarely on point with the present case. There the owner of an automobile drove to a car wash to clean his car. A young man offered to wash and clean his car for a small remuneration. The owner assented to this and then went into a building next door. The young man drove the car on a personal mission, during which time he was involved in an accident with the plaintiff. Suit was brought contending the driver was an omnibus insured because he had the implied permission of the named insured to drive the car.
The court found the young man had permission to operate the auto in the wash bay and drying area only. This authority did not include operation on public streets.
If this case cannot be distinguished on the basis that Johnson had permission to operate the vehicle on the public streets where the tortfeasor in Revolta did not, we choose to follow Waits v. Indemnity Insurance Company of North America and Perrodin v. Thibodeaux, supra.
Johnson was an omnibus insured under the policy issued to the City of Baton Rouge; he was not an uninsured motorist.
The judgment of the trial court is therefore affirmed. Plaintiff is cast with all costs.
AFFIRMED.