421 So.2d 1003 (1982)
Sunset CAREY and Stanley Cormier, Plaintiffs-Second Appellants-Appellees,
v.
Dennis ORY, et al., Defendants-First Appellants.
No. 82-134.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1982.
Rehearing Denied December 6, 1982.
Writ Denied February 4, 1983.
*1004 Levingston, Tynes & Liles, Maurice Tynes, Lake Charles, for defendant-appellant-appellee.
McHale, Bufkin and Dees, Louis D. Bufkin, Lake Charles, for plaintiffs-appellees.
L. Daniel Bishop, Jr., DeQuincy, for defendant-appellee.
Raggio, Cappel, Chozen & Berniard, G. Michael Bourgeois, Lake Charles, for defendant-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
CULPEPPER, Judge.
This is a tort action for damages. The plaintiffs, Sunset Carey and Stanley Cormier, were pedestrians struck by an automobile owned by Mr. and Mrs. Leroy Miller and operated by Dennis Ory. The plaintiffs sued Allstate Insurance Company as the liability insurer of the vehicle operated by Ory and Aetna Casualty & Surety Company as the underinsured motorist carrier. Allstate denied coverage on the grounds that Ory was not an omnibus insured within the meaning of the policy language.
There was a trial by jury, and at the close of the evidence, the trial judge directed a verdict in favor of the plaintiffs and *1005 against Allstate Insurance Company on the issue of coverage. The jury returned a verdict attributing 90% of the total combined negligence to the defendant, Dennis Ory, and 10% of the total combined fault to each of the plaintiffs. The trial court subsequently rendered judgment in accordance with the verdict of the jury.
Allstate appeals from the directed verdict on coverage and the resulting jury verdict, citing as error the trial court's exclusion from the jury of all evidence dealing with the question of whether Mr. Ory deviated from the scope of permission granted by the insured. This evidence was taken on an Offer of Proof. The plaintiffs also appealed, contending the jury erred in attributing to each plaintiff 10% comparative negligence, and also that the jury awarded inadequate damages to both plaintiffs.
The following issues have been raised on this appeal: (1) Did the trial court err in granting a directed verdict against Allstate on the issue of whether Ory was an omnibus insured under the Allstate policy? (2) Was it error to exclude all evidence with regard to the deviation from the scope of permission of the car's owner by the driver, Mr. Ory? (3) Was the jury clearly wrong in finding that the negligence which was the proximate cause of the accident was attributable 10% to each of the plaintiffs? (4) Did the jury abuse its discretion by making inadequate awards of damages?

FACTS
At about 9:00 or 9:30 a.m. on the morning of September 16, 1980, Dennis Ory approached Mr. and Mrs. Leroy Miller and requested the use of their 1973 Oldsmobile to visit his doctor in Orange, Texas. The Millers and Mr. Ory all resided in Vinton, Louisiana. Mr. and Mrs. Miller granted Ory permission to use the car, as they had done on previous occasions.
Sometime between 7:00 and 7:30 p.m. on the same day, the plaintiffs, in preparation for going shrimping, had stopped at a grocery store on Louisiana Highway 27 south of Sulphur, Louisiana. They were traveling in Mr. Carey's vehicle and pulling Mr. Cormier's boat on a trailer. As they prepared to pull onto the road, the wheel fell off the boat trailer, and they pulled the vehicle onto the west shoulder of the road for repairs, coming to rest about six feet from the traveled portion of the highway. Both plaintiffs were standing beside the boat and trailer, repairing the trailer, when defendant Ory, traveling south on the roadway in the Miller car, ran into the rear of the trailer. This caused the trailer to strike both plaintiffs, resulting in their bodily injuries.
In force at the time of the accident was an automobile liability policy on the Miller automobile, issued by the defendant Allstate, containing the standard "Omnibus Insured" clause and naming Leroy Miller as the named insured. The policy limits are $50,000/$100,000. Also in force was a liability policy on Mr. Carey's vehicle issued by Aetna, providing uninsured motorist coverage up to the amount of $10,000.
Allstate contended at trial that Mr. Ory was not an omnibus insured within the meaning of its policy language, because he had deviated from the scope of permission granted by the named insured. It sought to introduce evidence to show that Mrs. Miller had told Mr. Ory he could use the car to go to the doctor in Orange, but had told him to have the car back to her by noon. They argued that he was clearly outside the scope of the original permission at the time of the accident, being 15 miles east of Vinton, instead of to the west in the direction of Orange, and seven hours overdue.
The trial court excluded all evidence with regard to the scope of permission granted to Mr. Ory, and his deviation from it, and at the close of the evidence, rendered a directed verdict against Allstate, holding that Dennis Ory was an omnibus insured under the liability policy on the Miller's Oldsmobile.
The jury found that plaintiff Carey sustained damages in the amount of $47,000 and plaintiff Cormier in the amount of $2,800. The trial court, in its judgment, made the appropriate reduction in these *1006 amounts based on the percentage of fault attributable to the plaintiffs, and awarded $2,520 to plaintiff Cormier and $42,300 to plaintiff Carey.

DIRECTED VERDICT ON COVERAGE
Allstate contends the language of its omnibus clause excludes coverage under the circumstances of this case.[1] It sought to introduce testimony of Mrs. Miller to show that she had informed Ory to have the car back to her by about noon on the day of the accident. This evidence was excluded by the trial court. Allstate maintains that the evidence should have been admitted for the purpose of proving that Mr. Ory's use of the vehicle was not within the scope of the permission of the named insured.
The general rule with regard to omnibus coverage was first stated by the Louisiana Supreme Court in Parks v. Hall, 189 La. 849, 181 So. 191 (La.1938). The Parks' court held that the initial permission of the named insured to another to use the car in the first instance, regardless of whether the driver was proceeding within the limitations of the permission of the insured, was all that was necessary to bring the driver within the coverage of the omnibus clause. A definite rule to guide all courts was thereby established, eliminating the need to consider deviations from the contemplated use of the vehicle. See Waits v. Indemnity Insurance Company of N.A., 215 La. 349, 40 So.2d 746 (1949).
This rule has been consistently followed by Louisiana courts. For example, in Gathe v. Aetna Casualty & Surety Company, 345 So.2d 117 (La.App. 1st Cir.1977), writ refused 346 So.2d 709 (La.1977), a student who was authorized to drive a car from a repair shop to a body shop and to do road testing was held to be an omnibus insured under the policy on the vehicle, when he had an accident while on a personal mission. In Fuselier v. Aetna Insurance Company, 219 So.2d 232 (La.App. 3rd Cir.1969), a minor who reasonably believed he had initial permission to drive his sister's car to his mother's house to pick up phonograph records, was held to be an omnibus insured, despite the fact that he was outside the scope of his errand when he became involved in an accident. See also McConnell v. Travelers Indemnity Company, 248 La. 509, 180 So.2d 406 (La.1965); Boudreaux v. State Farm Mutual Automobile Insurance Company, 385 So.2d 480 (La.App. 1st Cir.1980), writ denied 392 So.2d 690, 691 (La.1980); Ritter v. Thornton, 309 So.2d 750 (La.App. 4th Cir.1975); and Rawls v. J & M Poultry, Inc., 273 So.2d 340 (La.App. 1st Cir.1972), writ refused 274 So.2d 708 (La.1973).
Allstate relies heavily on the case of Revolta v. Allstate Insurance Company, 273 So.2d 645 (La.App. 4th Cir.1973), in which coverage was denied. In that case a minor, who caused an accident while on a personal errand, was authorized to operate a car only within the wash bay in which its owner had placed it and only to the extent necessary to wash and clean it. The holding was that he was not driving with the permission of the named insured when he embarked upon his personal mission.
The instant case is distinguishable from Revolta inasmuch as the permittee here had initial permission to use the automobile on the public streets and highways on a personal mission. See also Cousin v. Page, 372 *1007 So.2d 1231 (La.1979), at page 1236; Hughes v. Southeastern Fidelity Insurance Company, 340 So.2d 293 (La.1976).
In light of the Louisiana rule on omnibus coverage, we find that the exclusion of Mrs. Miller's testimony with regard to Mr. Ory's deviation from the permission granted was proper because it was irrelevant, considering the fact that Ory had the Millers' initial permission to drive the car.
With regard to the question of whether or not the trial court erred in granting a directed verdict in favor of the plaintiff on the issue of omnibus coverage, it was held by this court in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), that the following is the correct standard to be applied on a motion for a directed verdict:
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." Boeing Company v. Shipman, 411 F.2d 365 (5th Cir.1969).
The record shows conclusively that Dennis Ory had the permission of Leroy Miller, as the named insured, to use the Millers' car on the day of the accident. In view of this evidence and the foregoing authority, the directed verdict holding that the defendant Ory was an omnibus insured is proper.
Allstate argues persuasively that the opinion in Parks v. Hall, supra, was concerned only with the requirement that the non-owned automobile be driven "with the permission" of the named insured and did not consider the "scope of permission." However, the Parks court made a broad statement that only initial permission is required, and later cases in the Courts of Appeal which did involve policies requiring both permission and scope cited Parks as authority for holding that if there was permission, scope was irrelevant. Allstate argues these later cases erroneously extended Parks. However, there are now so many cases, in some of which the Supreme Court denied writs, that the rule appears to be established. Either legislation or a decision of our Supreme Court will be required to change this rule.

COMPARATIVE NEGLIGENCE
The plaintiffs contend the jury committed manifest error in finding that the negligence giving rise to the accident was attributable 10% each to Carey and Cormier.
Even assuming the plaintiffs were negligent, their conduct does not reduce the amount of recovery unless it was a cause-in-fact of the accident. If the collision would have occurred irrespective of the plaintiffs' negligence, then it was not a cause-in-fact of the injury. See Breithaupt v. Sellers, 390 So.2d 870 (La.1980); Dixie Drive It Yourself System New Orleans Company v. American Beverage Company, 242 La. 471, 137 So.2d 298 (La.1962).
The plaintiffs testified that their car was parked almost six feet from the white line on the edge of the road. Dusk was beginning to fall at the time of the accident, but it was not yet dark. The plaintiffs admitted that they did not display any devices warning of their disabled vehicle, as required by LSA-R.S. 32:368.
The only evidence in the record with regard to the reason Mr. Ory ran off the road was the testimony of Mr. Gilbert, a passenger in the Ory vehicle, who testified that Mr. Ory dropped his cigarette lighter and was reaching for it when he drove onto the shoulder.
We conclude the defendants have not borne their burden of showing that Carey's *1008 failure to exhibit flares or warning lights was a cause-in-fact of the accident. Ory's driving onto the shoulder and his failure to see the plaintiffs on the shoulder was in no way caused by the lack of warning devices.
We conclude that the jury's determination that the legal cause of the accident was attributable 10% to each plaintiff is clearly wrong. We therefore reverse this finding and attribute 100% of the fault to the defendant Ory.

DAMAGES
Finally, the plaintiffs contend the jury erred in awarding inadequate damages. We disagree and affirm the awards.
In the assessment of damages in cases of quasi offenses, much discretion is left to the judge or jury. Before a court of appeal can disturb an award made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. Furthermore, before an appellate court can disturb a factual finding by the trial court, it must be determined that the finding is manifestly erroneous and has no reasonable factual basis. See LSA-C.C. article 1934(3); Perniciaro v. Brinch, 384 So.2d 392 (La.1980) and cases cited therein.
In plaintiff Carey's case, the evidence introduced to prove the income lost as a result of being unable to pursue his shrimping was tenuous at best. Furthermore, there was conflicting expert medical testimony with regard to Mr. Carey's disability as a result of the injury to his back. All the doctors examining Mr. Carey, except one, testified that they could find no objective symptoms of the continuing injury. We conclude the jury's award to Mr. Carey does not constitute an abuse of discretion.
We further find that the award of $2,800 total damages to Mr. Cormier is adequate compensation for the loss of his boat and trailer, his medical expenses, his wrecker bill, lost wages and the injury to his thumb. Therefore, the damages awarded by the trial court will be upheld.
For the reasons assigned, the judgment appealed is amended to assess 100% of the damages suffered by each plaintiff against the defendant-appellant, Allstate Insurance Company. In all other aspects, the judgment is affirmed. All costs of this appeal are assessed against the defendant-appellant, Allstate Insurance Company.
AFFIRMED, AS AMENDED.
NOTES
[1] The liability provision of the policy reads as follows:

"The following persons are insured under this Section.
1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;
2. Any resident of the named insured's household with respect to the owned automobile;
3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;
4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission."