433 So.2d 842 (1983)
Georgia M. SONS, et al., Plaintiffs and Appellants,
v.
COMMERCIAL UNION ASSURANCE COMPANIES, et al., Defendants and Appellees.
No. 82-827.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*843 Alvis J. Roche, Lake Charles, for plaintiffs and appellants.
Brame, Bergstedt & Brame, James R. Morris, Lake Charles, for defendants and appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Plaintiffs, Georgia M. Sons and Rhonda Lavergne Gary, instituted this tort suit seeking recovery for personal injuries and property damage as a result of a rear end automobile collision. Named as defendants were Deputy Mike Phillips of the Jefferson Davis Sheriff's Department, who was driving the sheriff's patrol car which struck plaintiff, Georgia Sons', vehicle, and Commercial Union Insurance Company, the automobile liability insurer of the Jefferson Davis Sheriff's Department.
The trial court found that both Rhonda Lavergne Gary, the driver of Georgia Sons' vehicle, and Deputy Phillips were negligent in this accident and that the negligence of each was fifty (50) percent.
The trial court fixed the amount of damages suffered by Rhonda and Georgia as follows:

Rhonda L. Gary
Whiplash and related injuries $5000.00
Medical expenses 297.66
 ________
 Total $5297.66

*844
Georgia Sons
 Personal Injuries $ 200.00
 Property Damage to vehicle 297.47
 ________
 Total $ 497.47

In accordance with its finding that Rhonda was 50% at fault in causing the accident, the trial court awarded only $2500 to Rhonda for personal injuries and only $148.83 for medical expenses. Rhonda appeals, asserting that the trial court erred in finding her to be 50% at fault in causing the accident and that the trial court erred by fixing an inadequate award of damages for her personal injuries. Defendants answer this appeal and assert that the damages fixed by the trial court for Rhonda's personal injuries are excessive and should be reduced.
Additionally, the trial court determined that the damages suffered by Georgia were attributable 50% to Rhonda and 50% to Deputy Phillips. The trial court awarded Georgia only $100 for her personal injuries and only $148.74 for the property damage to her vehicle. Georgia appeals asserting that the trial court erred by reducing her award by 50%.
The following issues have been raised on this appeal:
(1) Did the trial court err in finding that Rhonda was 50% at fault in causing the accident thereby reducing her award of damages by 50%?
(2) Did the trial court abuse its discretion in fixing $5000 as the amount of damages suffered by Rhonda?
(3) Did the trial court err by reducing the award of damages to Georgia by 50%?
On July 5, 1981, at approximately 4:30 p.m., Rhonda Gary was driving a 1976 Ford LTD, which was owned by her mother, Georgia Sons, in a northerly direction on Louisiana Highway 26 in Jennings, Louisiana. Georgia was seated as a passenger in her car as her daughter, Rhonda, drove.
Rhonda was traveling in the inside northbound lane of Highway 26, which at the point of the accident is a four laned highway with two lanes running north and two lanes running south. The speed limit at this portion of Highway 26 varies from thirty-five to forty-five miles per hour. Rhonda testified that at this time she was traveling between twenty-five and forty-five miles per hour.
Deputy Mike Phillips of the Jefferson Davis Sheriff's Department had just come on duty when he received a call from a State Trooper requesting assistance with a crowd control problem north of Welsh, Louisiana. Deputy Phillips left the department and traveled west on U.S. Highway 90 until it intersected with La. Highway 26. At this point, Deputy Phillips turned right onto Highway 26 and proceeded northward in the inside lane. Deputy Phillips testified that his emergency lights were activated as he left the department and he further testified that as he entered Highway 26 he activated his emergency siren.
Deputy Phillips stated that he first observed the plaintiff's vehicle when it was some 3 to 4 blocks in front of him. As Deputy Phillips approached the rear of plaintiff's vehicle he applied his brakes and skidded three car lengths before striking the rear of plaintiff's car.
Rhonda and Deputy Phillips immediately drove to the outside shoulder of the highway where Deputy Phillips inspected both vehicles for damage and inquired whether Rhonda or Georgia needed medical attention.
There was no apparent physical damage to Georgia's car nor did there appear to be any serious physical injury to Rhonda or Georgia although Rhonda did tell Deputy Phillips that her neck hurt. Therefore, Deputy Phillips proceeded on his call and plaintiffs continued on their route to Lake Charles turning left onto Interstate 10 from Highway 26.
On July 7, 1981, and for a period of time thereafter, Rhonda visited Dr. Fritz Lacour who found that Rhonda had suffered a moderately severe whiplash which caused her to suffer several other medical problems. Dr. Lacour did not feel it necessary to refer Rhonda to an orthopedic specialist, but he did have her undergo therapeutic treatment at St. Patrick's Hospital in Lake Charles.
*845 On January 11, 1982, Rhonda and Georgia filed the present suit against Deputy Phillips and Commercial Union Insurance Company, the automobile liability insurer of the Jefferson Davis Sheriff's Department. This appeal was perfected from the judgment rendered by the trial court which has been discussed herein.
Rhonda first contends that the trial court erred by finding that she was 50% at fault in causing the accident.
The trial court, relying on our holding in Cassity v. Williams, 373 So.2d 586 (La.App. 3rd Cir.1979), stated "that a motorist must yield the right of way to an emergency vehicle only when he observes or hears or, under the circumstances, should have observed or heard the audible and visual warnings of such vehicle and the burden of proving negligence in such respects rests on the party asserting the same." The trial court concluded that Rhonda should have observed the emergency vehicle approaching and was therefore negligent for failing to see what she should have seen.
The record shows that on the day of the accident, it was raining and the pavement was wet. Rhonda and Georgia testified that it was raining pretty heavily while Deputy Phillips testified it was only drizzling. In any event, Rhonda was proceeding with her windshield wipers and headlights on and her windows were completely rolled up. The record further shows that Rhonda and Georgia were engaged in conversation as they traveled.
Rhonda testified that she did not hear the siren of the patrol car prior to the accident. Given these weather conditions and the fact that Rhonda's windshield wipers were on and the windows rolled up while plaintiffs were engaged in conversation, one can see how it was possible if not probable that Rhonda and Georgia could not hear the siren of the approaching patrol car. Rhonda also testified that she did not check her rearview mirror for at least three minutes prior to the accident. We think it clear that had she done so she would have observed Deputy Phillips approaching. Nevertheless, Rhonda's failure to check the rearview mirror is of no consequence, since we conclude that such failure was not a cause in fact of the accident.
As we stated in Carey v. Ory, 421 So.2d 1003 (La.App. 3rd Cir.1982), a plaintiff's negligence will not reduce the amount of recovery unless it was a cause-in-fact of the accident. If the collision would have occurred irrespective of plaintiff's negligence, then it was not a cause-in-fact of the injury. Breithaupt v. Sellers, 390 So.2d 870 (La.1980).
The record reveals that at the time of the accident, two cars were positioned in the outside lane of Highway 26 to the right of plaintiff's vehicle. One car was positioned immediately to the front of plaintiffs car, while the other car was positioned immediately to the rear. It is evident that these two vehicles would have prevented plaintiffs from entering the outside lane prior to and at the point of the collision.
We conclude that defendants have not met their burden of showing that Rhonda's failure to observe the approaching patrol car was a cause-in-fact of the accident. Had Rhonda observed Deputy Phillips approaching, she would have been prevented from entering the outside lane due to the position of the other two vehicles. Therefore, we conclude that the accident would have occurred irrespective of Rhonda's failure to observe Deputy Phillips approaching. The reliance of the court on Rhonda's failure to observe Deputy Phillips approaching, in its conclusion that she was 50% at fault, is erroneous.
The trial court also found that Rhonda was negligent for being in violation of LSA-R.S. 32:71. The pertinent part of R.S. 32:71 reads as follows:
"(1) Upon all multilane highways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the circumstances then existing, shall be driven in the right-hand lane then available for traffic except when preparing for a left turn at an intersection or into a private road or driveway, or passing *846 or overtaking a vehicle proceeding in the same direction, if passing on the left side of it. Nothing herein contained shall be construed to authorize driving any vehicle in the left lane so as to prohibit, impede or block passage of an overtaking vehicle in such lane and in such event the vehicle in the left lane prohibiting, impeding or blocking passage of an overtaking vehicle shall expeditiously merge into the right lane of traffic."
The trial court found that Rhonda was in violation of this statute by remaining in the inner lane of Highway 26 from the time it became a four lane highway until the time of the accident. The trial court stated, "Obviously she (Rhonda) was not turning left and did not establish that she was overtaking another vehicle."
We find that the trial court committed error by requiring that Rhonda establish that she was not overtaking a vehicle since it is defendants who are asserting Rhonda's negligence making it their burden to prove she was not overtaking another vehicle.
Plaintiffs state in their brief that Rhonda was passing the two vehicles that were adjacent to her in the outside lane. If this be the case then she was clearly not in violation of LSA-R.S. 32:71.
After careful scrutiny of the record, we are unable to find support for the proposition that Rhonda was overtaking the two vehicles in the outside lane. On the other hand, we are also unable to find sufficient support for a conclusion that Rhonda was not passing these two vehicles.
Defendants and the trial court rely on Rhonda's testimony that two cars in the outside lane had passed her after Highway 26 became a four laned highway. We do not feel that this fact alone is enough to support a conclusion that Rhonda was not passing the two vehicles adjacent to her in the right lane. To state that Rhonda had been passed at a previous time does not negate the possibility that at this point Rhonda was now passing these two vehicles. It would be pure speculation on our part to conclude that Rhonda was being passed by the two adjacent vehicles when the record lacks sufficient evidence to reach such a conclusion. This being the case, we conclude that defendants did not meet their burden of proving that Rhonda was improperly in the left or inside lane of Highway 26 at the time of the accident. Thus, the trial court erred by finding Rhonda negligent for violating LSA-R.S. 32:71.
After careful review of the record, we conclude that the trial court erred in finding that Rhonda was 50% at fault in causing this accident. Therefore, she should have been awarded her full amount of damages she sustained as a result of Deputy Phillips' negligence.
Rhonda's second contention is that the trial court erred by fixing an inadequate award of damage for her injuries. Defendants have answered and assert that the $5000 award fixed by the court was excessive and should be reduced.
The record shows that Rhonda suffered a moderately severe whiplash to her neck and shoulders as a result of the accident. Dr. Lacour stated that the trauma to Rhonda's upper spine caused Rhonda to have vertigo and caused an inflammation of her bladder. Dr. Lacour did not feel that Rhonda needed to be examined by an orthopedic specialist but Rhonda did require therapeutic treatment at St. Patrick's Hospital. Rhonda was released to go back to work by Dr. Lacour as of October 12, 1981. At this time Dr. Lacour felt that Rhonda had recovered completely.
After reviewing the facts and circumstances of this case, we are unable to conclude that the trial court abused its discretion in fixing the award of damages for Rhonda's personal injuries at $5000. Absent a showing of an abuse of discretion, we will not disturb the trial court award. Reck v. Stevens, 373 So.2d 498 (La.1979).
The final issue to be resolved is whether the trial court erred by reducing the award of damage to Georgia by 50%.
*847 The trial court fixed an award of $200 for Georgia's personal injuries and $297.47 for the property damage to her vehicle. The trial court attributed 50% of these damages to Rhonda and 50% to Deputy Phillips. The trial court rendered judgment in favor of Georgia and against Deputy Phillips and Commercial Union for only $100 for her personal injuries and only $148.74 for property damage.
We conclude that the trial court improperly imputed the negligence of Rhonda, Georgia's minor daughter, to Georgia when fixing Georgia's award of damages. See Semien v. State Farm Auto Ins. Co., 398 So.2d 161 (La.App. 3rd Cir.1981). Furthermore, we conclude that the record does not establish that Georgia was independently negligent in any manner in causing this accident. Hence, she is entitled to recover the full amount of damages she suffered.
For the above and foregoing reasons, the judgment of the trial court is amended to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of Rhonda Lavergne Gary against Commercial Union Insurance Company and Mike Phillips in the amount of $5000.00 for her personal injuries, and $297.66 for the doctor, medical and treatment expenses.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Georgia M. Sons against Commercial Union Insurance Company and Mike Phillips in the amount of $200.00 for personal injuries and $297.47 for property damage.
It is further ordered, adjudged and decreed that the trial and appellate costs of this matter are to be assessed to Commercial Union Insurance Company and Mike Phillips.
AMENDED AND AFFIRMED AS AMENDED.